# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CURTIS REMALEY,

On behalf of himself and others
similarly situated,

        Plaintiff,

v.

HUNGRY HOWIE PIZZA & SUBS, INC. and
HH PIZZA MANAGEMENT, INC.,

        Defendants,

_____/

Case No. 22-cv-12056
Hon, Denise Page Hood
Mag. Jonathan J.C. Grey

## DEFENDANT HUNGRY HOWIE'S PIZZA & SUBS, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant Hungry Howie's Pizza & Subs, Inc. ("Hungry Howie's"), improperly named in this action "Hungry Howie Pizza & Subs, Inc., through its counsel, Maddin, Hauser, Roth & Heller, P.C. and for its Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and Fed.R.Civ.P. 12(b)(3), states:

1. Plaintiff Curtis Remaley ("Remaley") was employed as a delivery driver at a Hungry Howie's Pizza restaurant located at 2209 Citrus Boulevard, Leesburg, Florida 34748 (the "Leesburg Store").

2. Remaley filed a Collective Action Complaint ("Complaint," ECF#1)

against Defendant HH Pizza Management, Inc. ("HH Pizza Management"), an entity that Remaley alleges owns and operates the Leesburg Store.

3.  In the Complaint, Remaley seeks to recover unpaid wages, on behalf of himself and other similarly-situated, arising out of unreimbursed vehicle expenses he claims to have incurred as a result of driving his own pizza delivery vehicle under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*

4.  Remaley bases his claims against Hungry Howie's under the theory that Hungry Howie's was in a "franchisee partnership" with HH Pizza Management as well as each and every Hungry Howie's Pizza location within the enterprise, and therefore is Remaley's "joint employer" under the FLSA. *See* Collective Action Complaint, ¶¶ 4, 71, 72 [ECF#1].

5.  Remaley alleges that Hungry Howie's, as the franchisor of HH Management as franchisee, maintained and exercised control over Plaintiff's employment terms and conditions, including his hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates and other practices." Complaint, ¶16 [ECF#1].

6.  As set forth more fully in the accompanying Brief in Support, there is no genuine issue of a material fact that Hungry Howie's is not Remaley's employer or joint employer under the FLSA.

7.  Plaintiff and his counsel failed to conduct a reasonable investigation,

including but not limited to a cursory review of publicly-available information, into the allegations made against Hungry Howie's that would have disclosed to Plaintiff and his counsel that Hungry Howie's is not a franchisor of any location in the State of Florida, and that all Florida locations are operated independently by a non-party entity known as H.H. Pizza, Inc.  As a result, Hungry Howie's has no control, supervision or liability regarding any Florida pizza location or to any employees of such locations under FLSA or otherwise.

8. Because there is no genuine dispute that Hungry Howie's did not employ Remaley either directly or as imposed by any legal theory, Hungry Howie's respectfully asks the Court to enter judgment in its favor and against Remaley on all of his claims and dismiss the Complaint in its entirety with prejudice as to Hungry Howie's pursuant to Fed.R.Civ.P. 56.

9.  Additionally, Hungry Howie's seeks dismissal of Remaley's Complaint in its entirety under Fed.R.Civ.P. 12(b)(3) for lack of proper venue because there is no valid basis for the assertion of venue in this Court or that "a substantial part of the events giving rise to the claims herein occurred in this district" as stated in the Complaint is demonstrably false. Complaint, ¶9, ECF#1.

10. In accordance with L.R. 7.1(a), there was contact with opposing counsel in which Hungry Howie's counsel explained the nature of the motion and its legal basis, but did not obtain concurrence in the relief sought.  Hungry Howie's

also notified Plaintiff and his counsel in writing of the bases for this Motion in a demand letter pursuant to Fed.R.Civ.P. 11.

WHEREFORE, Hungry Howie's respectfully requests that this Court grant summary judgment in its favor against Remaley, and dismiss the Complaint in its entirety with prejudice against Hungry Howie's.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/ Michelle C. Harrell*
Michelle C. Harrell (P48768)
Sydney E. Wright (P82944)
Mark V. Breaugh (P84626)
28400 Northwestern Highway
Suite 200 – Essex Centre
Southfield, MI 48034
(248) 354-4030
mharrell@maddinhauser.com
swright@maddinhauser.com
mbreaugh@maddinhauser.com
*Attorneys for Defendant Hungry Howie's*

Dated: September 30, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on **September 30, 2022**, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/Michelle C. Harrell*
Michelle C. Harrell (P48768)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CURTIS REMALEY,

On behalf of himself and others
similarly situated,

       Plaintiff,

v.

HUNGRY HOWIE PIZZA & SUBS, INC. and
HH PIZZA MANAGEMENT, INC.,

       Defendants.

Case No. 22-cv-12056
Hon, Denise Page Hood
Mag. Jonathan J.C. Grey

_____/


## BRIEF IN SUPPORT OF
## DEFENDANT HUNGRY HOWIE'S PIZZA & SUBS, INC.'S
## MOTION FOR SUMMARY JUDGMENT

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

1. Is there a genuine dispute of material fact that Defendant Hungry Howie's is not Plaintiff's "joint employer" under the FLSA?

   **Defendant Answers:**     **No**
   **Plaintiff Answers:**       **Yes**

2. Is there a genuine dispute of material fact that Defendant Hungry Howie's is not Plaintiff's "employer" under the FLSA?

   **Defendant Answers:**     **No**
   **Plaintiff Answers:**       **Yes**

3. Is venue in the Eastern District of Michigan proper?

   **Defendant Answers:**     **No**
   **Plaintiff Answers:**       **Yes**

## CONTROLLING AUTHORITY

Fed.R.Civ.P. 56; Fed.R.Civ.P. 12(b)(3); 29 U.S.C. § 203(g); *Brock v. City of Cincinnati*, 236 F.3d 793, 801 (6th Cir. 2001); and *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F.Supp.3d 761, 782 (E.D. Mich. 2021).

## I.   INTRODUCTION

Plaintiff Curtis Remaley ("Remaley") was employed as a delivery driver at a Hungry Howie's pizza restaurant located at 2209 Citrus Boulevard, Leesburg, Florida 34748 (the "Leesburg Store"). Remaley claims that HH Pizza Management failed to pay Remaley legally required minimum and overtime wages.

Specifically, Remaley claims HH Pizza Management received a "kickback" because it did not reimburse him for vehicle expenses related to driving his own delivery vehicle. Remaley also named Hungry Howie's as his "joint employer" and seeks to hold Hungry Howie's liable for HH Pizza Management's alleged FLSA violation.   In doing so, Remaley asserts that Hungry Howie's, as franchisor to Defendant HH Pizza Management, as franchisee, controls the terms and conditions of Remaley's employment and the Leesburg Store, including his wages through a franchise system of operation.

However, there is no question of fact that Remaley's allegations are false. Remaley and his counsel failed to conduct any reasonable investigation into their allegations against Hungry Howie's, including even a cursory review of publicly-available information.  Such indisputable, publicly-available information evidences that Hungry Howie's does not operate any franchise locations in the State of Florida. To the contrary, they are independently owned and operated by a non-party entity, H.H. Pizza, Inc., which has sole and independent control over all of its locations.

Public information disclaims and negates any operational activity by Hungry Howie's in the State of Florida. There is no basis for any allegation that Hungry Howie's is either a direct employer or "joint employer" of Remaley, and this Court should summarily dismiss the Complaint against Hungry Howie's with prejudice.

## II.   THE ALLEGATIONS IN THE COMPLAINT

Remaley filed his Collective Action Complaint ("Complaint") on August 31, 2022. *See* Complaint, ECF#1. The only exhibit attached to the Complaint is Remaley's Consent to Join Collective Action as Named Plaintiff. According to the Complaint, Remaley worked as a delivery driver at the Leesburg Store, which Remaley alleges is independently owned and operated by HH Pizza Management. *See* Complaint at ¶¶ 3, 19, ECF#1.

Remaley complains that he was not reimbursed for vehicle expenses as a result of driving his own delivery vehicle. Remaley alleges that this is a "kickback" to HH Pizza Management under 29 C.F.R § 531.35 that is prohibited under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Therefore, Remaley contends that HH Pizza Management owes him reimbursement for his job-related vehicle expenses in an amount sufficient to meet legally required minimum and overtime wage rates for all hours worked.

Remaley alleges that Hungry Howie's was, along with HH Pizza Management, his "joint employer." *See* Complaint at ¶ 3, ECF#1. The specific

allegations against Hungry Howie's are that it "exercises substantial control" over Remaley and similarly situated delivery drivers, including but not limited to "hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices." *See* Complaint at ¶¶ 17, 76, ECF#1. Remaley also alleges that Hungry Howie's has a "franchisee partnership" with HH Pizza Management, as well as with "each and every Hungry Howie's location within the enterprise." *See* Complaint at ¶¶ 71, 72, ECF#1. Additionally, Remaley alleges a laundry list of contractual obligations and requirements that allow Hungry Howie's to control HH Pizza Management. *See* Complaint at ¶¶ 86, 90, 91, ECF#1.

Remaley alleges that "a substantial part of the events giving rise to the claims herein occurred in this district," yet, Remaley's claims arise from his employment at the Leesburg Store in Florida, which he alleges is owned and operated by HH Pizza Management, a Florida entity. *See* Complaint at ¶ 9, ECF#1.

As explained herein, all of the above-outlined allegations against Hungry Howie's are false. Hungry Howie's is not a proper party to this action, as there is no genuine issue of material fact that Hungry Howie's is not Remaley's employer jointly or directly. Hungry Howie's is entitled to summary judgment of Remaley's Complaint in its entirety pursuant to Fed.R.Civ.P. 56(a).  Additionally, Remaley's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) as venue is improper in this Court as Hungry Howie's should be dismissed and there is no other

basis for venue in this Court.

## III.   ARGUMENT

### A.   Standard of Review

Fed.R.Civ.P. 56 provides:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

On a motion for summary judgment, the court "must assess 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52; 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986). "[T]he court must 'draw all justifiable inferences in favor of the non-moving party.'" *Summar*, 157 F.3d at 1057 (quoting *Winningham v. North Am. Resources Corp.*, 42 F.3d 981, 984 (6th Cir. 1994)). "Nevertheless, the existence of a mere scintilla of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant." *Summar*, 157 F.3d at 1057 (citing *Liberty Lobby*, 477 U.S. at 252). "At least one genuine issue of material fact must exist." *Summar*, 157 F.3d at 1057 (citing *Middleton v. Reynolds Metals Co.*, 963 F.2d 881, 882 (6th Cir. 1992)). "A fact is material if it will 'affect the outcome of the suit

under the governing law . . . .'" *Summar*, 157 F.3d at 1057 (quoting *Liberty Lobby*, 477 U.S. at 248). "Factual disputes that are irrelevant or unnecessary will not be counted." *Summar*, 157 F.3d at 1057 (quoting *Liberty Lobby*, 477 U.S. at 248). Although the burden is on the moving party to show the absence of a genuine issue of material fact, that burden "may be discharged by 'showing'—that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325; 106 S.Ct. 2548; 91 L.Ed.2d 265 (1986).

To meet his burden in opposing a motion for summary judgment, Remaley may not rest on the mere allegations of his pleadings. Fed.R.Civ.p. 56(e); See also, *Lucas v. Leaseway Multi Transp. Svc. Inc.*, 738 F.Supp. 214, 217 (E.D. Mich. 1990) (citations omitted). The requirement that "the issue of fact must be 'genuine'" means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; 106 S.Ct. 1348; 89 L.Ed.2d 538 (1986). "[T]he nonmovant must do more than present some evidence on a disputed issue." *Leaseway*, 738 F.Supp. at 217. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50. It is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party:

seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue. *Atl. Marine Const. Co, Inc v. US Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013); Fed.R.Civ.P. 12(b)(3).

The general provision of 28 U.S.C. §1391(b) provides:

> (b)Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

**B.     There is no genuine dispute that Hungry Howie's is not Remaley's employer or "Joint Employer" under the FLSA.**

Remaley pleads that Hungry Howie's, along with HH Pizza Management, are his "joint employers." *See* Complaint at ¶ 4. To the contrary, Hungry Howie's is so far removed from Remaley's employment that no reasonable jury could find that Hungry Howie's is an employer or joint employer under the FLSA.

This Circuit has long recognized that "the FLSA does not distinguish between employers and joint employers. Any factor that is relevant to whether an entity is an employer is also relevant to whether the entity is a joint employer." *See Reyes-*

*Trujillo v. Four Star Greenhouse, Inc.*, 513 F.Supp.3d 761, 783 (E.D. Mich. 2021) (citing *New York v. Scalia*, 490 F.Supp.3d 748 (S.D.N.Y. 2020).

The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). The FLSA defines "employee" as "any individual employed by an employer[,]" and "employ" to "include[ ] to suffer or permit to work." 29 U.S.C. § 203(e)(1), (g).

By FLSA definition, a reasonable jury cannot conclude that Hungry Howie's employed Remaley, because Hungry Howie's did not "suffer or permit [Remaley] to work." 29 U.S.C. § 203(g). "The term of art 'work,' which includes 'to suffer or permit to work,' means 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.'" *Brock v. City of Cincinnati*, 236 F.3d 793, 801 (6th Cir. 2001) (internal citation omitted) (citing *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949 (1944)). Remaley's argument fails because Remaley's employment at the Leesburg Store in Florida was not "pursued necessarily and primarily for the benefit" of Hungry Howie's. *See Brock*, 236 F.3d at 801.

There is no basis for any allegation that Hungry Howie's franchises or operates any franchise system or franchise location in the State of Florida. Plaintiff's

allegations to the contrary are patently false and their falsity should have been discovered by Plaintiff and his counsel prior to filing this action.

Any reasonable investigation would have included a review of publicly-available information, including the Hungry Howie's website and Hungry Howie's legally required Franchise Disclosure Document ("FDD").  The FDD, which is publicly available online, expressly states that Hungry Howie's does not operate a franchise in Florida, has no control over any operation of any Florida location, and Florida locations do not follow the Hungry Howie's system:

> H.H. Pizza, Inc. [defined as "Florida"] operates under a license agreement with Hungry Howie's to use the Marks in the State of Florida exclusively.  Florida does not follow the Hungry Howie's system and is free to set its own standards and specifications, subject to its license agreement. Florida's license agreement with Hungry Howie's requires Florida to offer high quality foods and services in connection with the Marks and allows Florida to use the Marks royalty-free.  Florida is responsible for all franchisor obligations with respect to its franchisees located in the State of Florida.  Florida collects all franchise fees and royalties from its franchisees located in the State of Florida.  Florida became a licensee in 1984 and is our only licensee.  Florida does not conduct the type of business you would operate as a franchisee.  Florida has offered franchises under its license agreement for restaurants under the name Hungry Howie's Pizza since 1984.  Florida franchisees have no direct post-sale performance obligations to Hungry Howie's. Florida franchisees, however, do have post-sale performance obligations to Florida.

In addition to the FDD that repeatedly states that Florida locations are excluded from the Hungry Howie's franchise network and system, Hungry Howie's franchising website states the following:

Hungry Howie's locations are franchised to independent owners and operators by Hungry Howie's Pizza & Subs, Inc. located at 30300 Stephenson Highway, Suite 200, Madison Heights, Michigan 48071 (248) 414-3300. Stores located in the State of Florida are franchisee by H.H. Pizza, Inc. located at 2109 – D Main Street, Dunedin, Florida 34698 (727) 734-8800.

©2021 Hungry Howies Pizza & Subs, Inc.  All rights reserved. Hungry Howie's and its related marks are trademarks of Hungry Howie's Pizza & Subs, Inc. **Use of the trademarks in the State of Florida are under licensed to H.H. Pizza, Inc.[1]**

Also, the Hungry Howie's main website provides the following additional information:

If you are hired, you are an employee of the franchisee who owns the store and not Hungry Howie's Pizza & Subs, Inc. or HH Pizza, Inc. Your pay, hours, work conditions, benefits and terms and conditions of hiring or employment are not established by Hungry Howie's Pizza & Subs, Inc. or HH Pizza, Inc. Job descriptions are meant only as a general description. Actual job duties and responsibilities may vary. If you have questions about your employment, please directly contact the local independently owned and operated Hungry Howie's Pizza® franchise.

All stores are independently owned and operated.

© 2021 Hungry Howie's Pizza & Subs, Inc. All rights reserved. Hungry Howie's ® and its related marks are trademarks of Hungry Howie's Pizza & Subs, Inc. Use of the trademarks in the State of Florida are under license to HH Pizza, Inc.

Hungry Howie's locations are franchised to independent owners and operators by Hungry Howie's Pizza & Subs, Inc. located at 303000 Stephenson Highway, Suite 200, Madison Heights, Michigan 48071 (248) 414-3300. Stores located in Florida are franchised by HH Pizza,

---

[1] Hungry Howie's, *Pizza Franchise Opportunities FAQ*, https://franchising.hungryhowies.com/faq (last visited Sept. 29, 2022) (emphasis added).

Inc. located at 2109 D Main Street, Dunedin, Florida 34698 (727) 734-8800.[2]

Hungry Howie's does not franchise any restaurants in the State of Florida. *See* Affidavit of Movses Shrikian, Hungry Howie's Vice President and General Counsel, "Shrikian Affidavit," **Exhibit A** at ¶9.  Instead, non-party entity H.H. Pizza, Inc., a Florida corporation, operates under a license agreement with Hungry Howie's to use Hungry Howie's trade names, service marks, trademarks, and other intellectual property in the State of Florida exclusively. *See* Shrikian Affidavit at ¶11. H.H. Pizza, Inc. is free to set its own standards and specifications, subject to its license agreement. *See* Shrikian Affidavit at ¶12. Additionally, H.H. Pizza, Inc. – not Hungry Howie's – is responsible for and has sole control over all franchisor obligations with respect to H.H. Pizza, Inc's franchisees located in the State of Florida. *See* Shrikian Affidavit at ¶13. Florida franchisees under H.H. Pizza, Inc. have no obligations to Hungry Howie's and do not pay any amounts to Hungry Howie's, and H.H. Pizza, Inc. collects all franchise fees and royalties from its Florida franchisees. *See* Shrikian Affidavit at ¶¶13-15.

During the time for which Remaley seeks compensation, Remaley did not work for any of Hungry Howie's franchisees, but worked solely at the Leesburg Store in Florida which is an H.H. Pizza, Inc. franchisee. *See* Complaint at ¶10.

---

[2] Hungry Howie's, *Main Page*, www.hungryhowies.com (last visited Sept. 29, 2022).

Remaley's employment as a delivery driver at the Leesburg Store is not work pursued necessarily and primarily for the benefit of Hungry Howie's, and Hungry Howie's receives no benefit from his employment. Hungry Howie's has not and does not have the authority (by itself or in concert with any other person or entity) to hire, fire, control work schedules, conditions of employment, determine pay rates, amounts or methods of driver or other reimbursements, or maintain employment records for any Florida franchise employees including the Plaintiff Curtis Remaley or H.H. Pizza, Inc. *See* Shrikian Affidavit at ¶17. There is no genuine issue of material fact that, by definition, Hungry Howie's is not Remaley's employer under the FLSA, as Remaley did not "work" for Hungry Howie's.

This Court should be advised that the legal authority Remaley relies upon in support of Hungry Howie's employer status is either rescinded, or inapplicable to FLSA joint employer claims.[3] First, Remaley cites the four factor test in *Swallows v Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) that is used by courts to examine whether two entities are so interrelated that they may be considered a "single employer" or an "integrated enterprise." *See* Complaint at ¶ 40. However, at least one district court in this Circuit has explicitly stated that the

---

[3] Remaley cites to 29 C.F.R. § 791.2(a)-(b) to support his "joint employer" theory. These subsections were deemed "arbitrary and capricious" in *New York v. Scalia*, 490 F.Supp.3d 748 (S.D.N.Y. 2020) and subsequently rescinded by the Department of Labor in July of 2021. *See* Complaint at ¶ 41, ECF#1; see also 86 Fed. Reg. 40939-01, 2021 WL 3207510 (July 30, 2021).

*Swallows* decision does not provide an adequate framework for analyzing joint

employment claims under the FLSA. *See Reyes-Trujillo v. Four Star Greenhouse,*

*Inc.*, 513 F.Supp.3d 761, 782 (E.D. Mich. 2021).[4]

Even if *Swallows* were the appropriate standard, none of the factors weigh in

favor of finding that Hungry Howie's is Remaley's employer. As explained above,

there is no "interrelation of operations" between Hungry Howie's and HH Pizza or

its Florida franchisees (including the Leesburg Store) beyond using the same

trademarks under a licensing agreement. Beyond use of the trademarks, HH Pizza

does not follow the Hungry Howie's system. There is no legal authority that a

trademark licensor has any FLSA liability to the trademark licensee's employees.

There is also no "common management" that would render Hungry Howie's to be

Remaley's employer, as the Leesburg Store is franchised by HH Pizza, who is

responsible for all franchisor obligations to its franchisees. HH Pizza and Hungry

Howie's do not jointly manage or have a common management process for any of

HH Pizza's locations.  Third, there is no "centralized control of labor relations and

personnel," as Hungry Howie's does not have any control over HH Pizza's labor or

personnel and HH Pizza exclusively and independently operates its own franchise

---

[4] In *Reyes-Trujillo*, the court further explained that the analysis in the *Swallows* decision related to joint employment claims under Title VII of the Civil Rights Act of 1964, not the FLSA, and that "the exclusive focus on the purported joint employer's control runs counter to the FLSA's expansive definition of 'employer.'" 513 F.Supp.3d at 783.

system with its franchisees.  Even for Hungry Howie's own franchisees and their locations (which the Leesburg Store is not), such franchisees have exclusive control over employment practices at their franchises.  All of the factors are entirely lacking and there is no basis for any "joint employer" theory.

There is no genuine issue that Hungry Howie's is not Remaley's employer, either directly or jointly. Remaley's allegations against Hungry Howie's that it "exercises substantial control" over Remaley and similarly situated delivery drivers, including but not limited to "hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices" is blatantly untrue. *See* Complaint at ¶¶ 17, 76. Nor is there a "franchisee partnership" with HH Pizza Management, or with "each and every Hungry Howie's location within the enterprise." *See* Complaint at ¶¶ 71, 72. There is no basis for keeping Hungry Howie's in this suit and summary judgment of all of Remaley's claims against Hungry Howie's is warranted.

## C. Venue in the Eastern District of Michigan is improper and warrants dismissal pursuant to Fed.R.Civ.P. 12(b)(3)

Remaley's Complaint was not properly filed in the Eastern District of Michigan. Remaley states in his Complaint that "a substantial part of the events giving rise to the claims herein occurred in [the Eastern District of Michigan]." *See* Complaint at ¶9. However, this is a false statement.  Remaley claims to reside in Florida, and to have been a delivery driver in Florida for a Florida location and

employed by a Florida entity. Neither "a substantial part of the events or omissions giving rise to the claim occurred" in Michigan, nor is "a substantial part of property that is the subject of the action" situated in Michigan, as this is an employment law claim that does not involve property. Plaintiff improperly named Hungry Howie's as a Defendant and has engaged in improper forum shopping. Once Hungry Howie's is properly dismissed from this action, venue will be entirely lacking. The claims have no nexus to the State of Michigan as they allegedly occurred entirely within the State of Florida, and dismissal of Remaley's Complaint is proper under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391(b).

## IV.    CONCLUSION AND RELIEF REQUESTED

Under the FLSA, Hungry Howie's is not Remaley's employer or joint employer. Hungry Howie's therefore respectfully asks the Court grant summary judgment in its favor against Remaley on all of his claims and dismiss all claims against Hungry Howie's with prejudice, and award costs and attorney fees so wrongfully sustained by Hungry Howie's in this matter. Additionally, Remaley's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) as venue is improper in this Court as Hungry Howie's should be dismissed and there is no other basis for venue in this Court.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/ Michelle C. Harrell*
Michelle C. Harrell (P48768)
Sydney E. Wright (P82944)
Mark V. Breaugh (P84626)
28400 Northwestern Highway
Suite 200 – Essex Centre
Southfield, MI 48034
(248) 354-4030
mharrell@maddinhauser.com
swright@maddinhauser.com
mbreaugh@maddinhauser.com
*Attorneys for Defendant Hungry Howie's*

Dated: September 30, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on **September 30, 2022**, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/Michelle C. Harrell*
Michelle C. Harrell (P48768)