UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Curtis Remaley, on behalf of himself and other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**Hungry Howie Pizza & Subs, Inc.**, and **HH Pizza Management, Inc.**<br><br>Defendant. | No. 2:22-cv-12056<br><br>JUDGE DENISE PAGE HOOD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RULE 56(d) MOTION TO CONDUCT DISCOVERY** |

Pursuant to the Federal Rules of Civil Procedure (the "Rules" or "FRCP"), Rule 56(d), Plaintiff, Curtis Remaley ("Plaintiff") submits his Response in Opposition to Defendant, Hungry Howie Pizza & Subs,, Inc.'s ("Defendant"), Motion for Summary Judgment (Doc. 6) ("Defendant's Motion") and respectfully requests that the Court stay the briefing of the Motion because its resolution cannot be resolved without discovery. Therefore, pursuant to Rule 56(d), the Court should deny Defendant's premature Motion because Plaintiff must be afforded the opportunity to conduct discovery to allow Plaintiff to sufficiently respond to the Motion.

## INTRODUCTION

Plaintiff filed his Collective Action Complaint on August 31, 2022, naming Hungry Howie Pizza & Subs, Inc., and HH Pizza Management Inc. as Defendants. Plaintiff's Complaint alleges that due to insufficient reimbursement of delivery related expenses, he was not paid all minimum and overtime wages as requirement by the Fair Labor Standards Act ("FLSA"). Plaintiff's Complaint further alleges that due to the degree of interrelation between Hungry Howie Pizza & Subs, Inc. and HH Pizza Management, Inc., they are both liable for Plaintiff's damages under the FLSA as "joint employers."

Defendant was duly served with Plaintiff's Complaint on September 9, 2022. (Doc. 4). One day prior to Defendant's responsive deadline, on September 29, 2022, Counsel for Plaintiff received a letter from Counsel for Defendant demanding that Defendant be dismissed ***with prejudice*** and threatening sanctions otherwise. (*See* Declaration of James L. Simon attached hereto as "**Exhibit A**" at ¶¶ 4-6). This was the first and only communication that Counsel for Defendant has attempted with Counsel for Plaintiff. *Id*. Counsel for Plaintiff responded the next day, indicating that Plaintiff would not be dismissing Defendant at this juncture, and would consider amending his Complaint to add H.H. Pizza Inc. as a defendant. *Id.* Roughly four-hours later, Defendant filed its Motion. *Id.*

Notably, Defendant has not filed an answer. Nor has Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). Instead, Defendant has opted to request summary judgment in its favor at the infancy of these proceedings.

According to Defendant, Hungry Howie's is not a franchisor of any location in the State of Florida, and all Florida locations are operated independently by a non-party entity known as H.H. Pizza, Inc. (Defendant's Motion at ¶ 7). The thrust of Defendant's argument is that Hungry Howie's franchise operations in Florida are organized under a separate corporate entity – H.H. Pizza, Inc. Defendant's Motion implies that its interrelation with H.H. Pizza, Inc. is limited to a "license agreement to use Hungry Howie's trade names, service marks, trademarks, and other intellectual property in the state of Florida exclusively."). (*Id.* at p. 10).

In support of Defendant's pre-discovery Motion for Summary Judgment, Defendant submits just one self-serving declaration from Defendant's Vice President and General Counsel, Movses Shrikian. (Doc. 6-1). Mr. Shrikian confirms the existence of a "license agreement between Defendant and H.H. Pizza, Inc., and according to Mr. Shrikian, "H.H. Pizza, Inc. is free to set its

own system standards and specifications, ***subject to such license agreement***." (*Id.* at ¶ 12) (emphasis added). Mr. Shrikian's Declaration adds nothing more to the interrelation of H.H. Pizza and Defendant other than threadbare recitals of potentially relevant joint-employment factors.

The Court has set an in-person hearing on Defendant's Motion on January 11, 2023. (Doc. 7).

## ARGUMENT

I. **Applicable Legal Standards**

    **A. Fed R. Civ. P. 56(d)**

If facts exist that are unavailable to the party opposing the motion for summary judgment, and the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see Wade v. Werner Trucking Company a/k/a Werner Enterprises, Inc.*, 2012 WL 3583441, at 1 (S.D. Ohio August 20, 2012).

To prevail under this rule, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *See Schobert v. Csx Transportation, Inc.*, 2020 WL 7028468, at *30 (S.D. Ohio Nov. 30, 2020). When a summary judgment motion is filed before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(d) motion fairly freely. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Rock Reservation*, 323 F.3d 767, 773 (9th Cir. 2003), and a district court must continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude

summary judgment. [1] *Spear v. United States*, CIV. 11-1742-PHX0PGR, 2012 WL 2029747 (D. Ariz. June 6, 2012); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The Sixth Circuit "has cited approvingly other circuits' view that '[a]…motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe v. City of Memphis*, 928 F.3d 481, 490-91 (6th Cir. 2019) (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d at 623 n.7 (6th Cir. 2014).

### B. "Joint-Employer" and "Single-Employer" Liability under the FLSA

Defendant's Motion is an overt attempt circumvent discovery on Plaintiff's "joint employer" and "single employer" allegations. However, courts throughout the country "agree that to fulfill Congress's remedial intent, the term 'employer' should be applied broadly." *Schneider v. Cornerstone Pints, Inc.*, 148 F. Supp. 3d 690, 696 (N.D. Ill. 2015) citing *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). "[T]he term 'employer' under the FLSA is broader than how it is understood at common law." *Id.* Given the FLSA's sweeping definitional language, the Sixth Circuit has recognized that the statute "contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole*, 942 F.2d at 965. More specifically, "[i]n deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency." *Id.* (citation omitted). "No one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities

---

[1] ("Although Rule 56([d]) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *Spear v. United States*, CIV. 11-1742-PHX-PGR, 2012 WL 2029747 (D. Ariz. June 6, 2012).

presented by the facts of each case." *Id.* citing *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194, 195.

"The touchstone of many of the cases applying variations of the joint employer test is that the employment relationship is highly fact-dependent and different factors may be appropriate under different factual scenarios." *See Ali v. Piron, LLC*, No. 17-cv-11012, 2018 U.S. Dist. LEXIS 37108 (E.D. Mich. Mar. 7, 2018). "[A]bsence of a single factor—or even a majority of factors is not determinative." *Id.* citing *Hall v. DIRECTV, LLC*, 846 F.3d 757, 770 (4th Cir. 2017). In short, the factors are not meant to be mechanical but applied based on the circumstances of the case. *Id.* citing *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1982) (other citations omitted).

### C. Venue

Defendant's Motion also submits that Plaintiff's case should be dismissed in its entirety and that it should be awarded attorney fees and costs because the Eastern District of Michigan is an improper venue. This is merely a further attempt of Defendant to jockey for position in this case. Defendant does not and cannot dispute that it is headquartered in this District and that it is therefore "at home" in this district for the purposes of general personal jurisdiction. As the Sixth Circuit has recently held, in order for a corporation to be subject to a nationwide collective action under the FLSA, such an action must be brought in that corporation's "home" state so as to avoid running afoul requirements of personal jurisdiction. *See Canaday v. Anthem Cos.*, 9 F.4th 392 (6th Cir. 2021) (holding that the limits on personal jurisdiction espoused by the Supreme Court in *Bristol Myers-Squibb*, 137 S. Ct. 1549 (2017) apply equally in an FLSA collective action context.).

In other words, Defendant would usher this case to Florida so that Plaintiff's proposed collective action notice cannot be sent to any Hungry Howie's delivery drivers outside of the state

of Florida thereby curtailing its exposure to approximately one-fiftieth of the scope contemplated by Plaintiff's Complaint.

"The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue." *Hoodz Int'l, LLC v. Toschiaddi*, No. 11-15106, 2012 U.S. Dist. LEXIS 34345 (E.D. Mich. Mar. 14, 2012) citing *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). For civil actions, venue is proper in a judicial district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial [*6] part of property that is the subject of the action is situated"; or (3) "any defendant is subject to the court's personal jurisdiction with respect to such action," if "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b).

Further, "'if a corporate defendant [ ] is subject to personal jurisdiction in a judicial district, it is deemed to reside there for purposes of venue,' which fulfills the venue requirement under §1391(b)(1), thereby defeating Defendant's motion to dismiss for improper venue." *Sazerac*, 2014 U.S. Dist. LEXIS 200566 *5-6 citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1048 (S.D. Ohio 2002); *Aegis Sciences Corp. v. Millennium Labs., Inc.*, 3:11-CV-00294, 2011 U.S. Dist. LEXIS 86511, 2011 WL 3420642 (M.D. Tenn. Aug. 4, 2011); *Keeley v. Airgas, Inc.*, 2:08-CV-111, 2008 U.S. Dist. LEXIS 104546, 2008 WL 5422691 (W.D. Mich. Dec. 29, 2008); *Lifestyle Lift Holding, Inc. v. Maryland Plastic Surgery Associates, LLC*, CIV. 07-14350, 2008 U.S. Dist. LEXIS 94954, 2008 WL 4826295 (E.D. Mich. Nov. 5, 2008).

"On a Rule 12(b)(3) motion to dismiss for improper venue, the Court may (1) rule on the motion on the basis of the affidavits alone; (2) permit discovery on the motion; or (3) hold an evidentiary hearing on the motion." *Sazerac Co. v. Intercontinental Packaging Co.*, No. 3:14-CV-

205-H, 2014 U.S. Dist. LEXIS 200566 (W.D. Ky. June 5, 2014) citing *Serras v. First Tenn. Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

If a district court determines that a case has been brought in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Federal Rule of Civil Procedure 12(b)(3) provides the procedural vehicle for raising the defense of improper venue. Fed. R. Civ. P. 12(b)(3). A court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). When a case is brought in the correct venue, a district court may still transfer it "to any other district or division where it might have been brought," when doing so serves "the convenience of parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a); *see also United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). The moving party bears the burden of demonstrating by a preponderance of the evidence that, "in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003) (quoting *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001)).

**II.  Pursuant to Rule 56(d), this Court should allow Plaintiff additional time to conduct discovery to determine the hours and weights of the respective vehicles Plaintiff drove.**

"It is well established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Given the hasty filing of the Defendant's Motion, Plaintiff is unable to oppose the Motion on the facts because the Parties have not engaged in any discovery whatsoever. (Exhibit A at ¶ 9). For example, Plaintiff has not had an opportunity to conduct discovery concerning:

    a.    The nature of the relationship between Defendant and H.H. Pizza, Inc.;

    b.    The degree to which Defendant profits from the operation of Hungry Howie's stores in Florida.

    c.    The degree to which Defendant may share in any losses from the operation of Hungry Howie's stores in Florida;

    d.    Whether Defendant and H.H. Pizza, Inc. share any common ownership, directors, officers, management, and other employees;

    e.    Whether Defendant and H.H. Pizza, Inc. share human resources;

    f.    The degree to which Defendant and H.H. Pizza, Inc. share software platforms, payroll, GPS tracking, and other intellectual property;

    g.    The degree of control that Defendant exercises over H.H. Pizza Inc. pursuant the self-described licensing arrangement;

    h.    The degree to which H.H. Pizza Inc. shares enterprise-wide policies with Defendant such as franchisee training materials, management training materials, deliver-driver

        training materials, company handbooks and other written policies and procedures;

i.     Defendants acts and omission relative to ensuring that Hungry Howie's delivery drivers in the state of Florida are being paid in accordance with the FLSA;

j.     Any other facts relevant to Defendant's status as an "employer" under the FLSA.

(Exhibit A at ¶ 10).

A multi-unit enterprise such as Hungry Howie's could choose to organize operations in a particular state under a separate corporate entity for innumerable strategic and non-strategic reasons. The fact that Hungry Howie's stores in Florida have signed their franchise agreements with H.H. Pizza, Inc. as opposed to Defendant is hardly the end of the fact intensive, case-specific inquiry as to Defendant's status as an employer under the FLSA.

Defendant's challenge to venue ignores the reality that such overarching enterprise-wide decision making, information, documentation and corresponding witnesses naturally emanate from Defendant's corporate headquarters here in the Eastern District of Michigan. It is difficult to imagine a more appropriate or convenient forum for Defendant than the one where its "nerve center" is located. In order to seek the information that Plaintiff needs to properly respond to Defendant's Motion, Plaintiff will serve written discovery requests and intends to conduct a Fed. R. Civ. P. 30(b)(6) deposition. (Exhibit A at ¶ 11). All of the responsive information, documentation, and witnesses are likely to be located in this judicial district.

**III.**     **Plaintiff has complied with the procedural requirements of Rule 56(d), and the *Plott* factors support granting Plaintiff's Motion.**

In deciding a motion under Rule 56(d), "the Court looks first to whether the movant complied with the procedural requirements of the Rule, then to whether the five *Plott* factors favor permitting discovery." *Schobert v. Csx Transportation, Inc.*, 2020 WL 7028468, at *31 (S.D. OH November 30, 2020). Here, Plaintiff has complied with the technical rules by submitting this

motion and the attached declaration of attorney James L. Simon ("**Exhibit A**"), which sets out the specific information that she needs to respond to Defendant's summary judgment motion. *See Id*.

"In deciding a Rule 56(d) Motion, the Sixth Circuit instructs the district courts to consider five factors: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery has the potential to change the ruling at issue; (3) how long the discovery period had lasted; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests." *Id*. (citing *F.T.C. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, at 623 (6th Cir. 2014)).

As to the first factor, Defendant apprized Plaintiff of the arguments raised in its Motion in a letter that was sent to Plaintiff's Counsel just one-day prior to Defendant filing its Motion wherein Defendant demanded to be dismissed from this matter **with prejudice** and threatened Counsel for Plaintiff with sanctions if he did not immediately comply with Defendant's demand. In that sense, Defendant's assertion that it conferred with Plaintiff regarding its Motion is superficial at best. Apparently, Defendant had the Motion largely prepared prior to sending its letter to Plaintiff and Defendant was intent on filing its Motion no matter what.

As to the second factor, the discovery sought undoubtedly has the potential to change the Court's ruling on the case-by-case, fact intensive determination of Defendant's status as an "employer" under the FLSA. It is inconceivable that the Court could make such a determination without any record evidence aside from one self-serving declaration.

As to the third factor, discovery has not yet begun in this matter. Defendant, H.H. Pizza Management, LLC has yet to file a response to Plaintiff's Complaint. In fact, Plaintiff has been unable to conduct any discovery because the parties have not had their Rule 26(f) conference, and the Court has not issued any case management order under Fed. R. Civ. P. 16(b). *See* Fed. R. Civ.

P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)….").

As to the fourth factor, Plaintiff has thus far been foreclosed from conducting discovery and Plaintiff is making this request to conduct discovery within the time limits prescribed by Local Rule 7.1(e)(2).

The fifth factor is not applicable here as Plaintiff has yet to be permitted to issue any discovery.

## CONCLUSION

Defendant is not entitled to summary judgment on its status as an employer under the FLSA without any discovery. Plaintiff should be afforded the right to conduct discovery and has timely requested to do so as detailed herein. Venue is proper in this district as this is where Defendant is headquartered, and it is the only venue where a nationwide collective action against Defendant can properly be maintained. Even if venue were somehow inappropriate, given the costs already incurred by Plaintiff in filing and serving this action as well as the statute of limitations at play, it would be more proper to transfer venue as opposed to ordering the early dismissal which Defendant seeks.

RESPECTFULLY SUBMITTED this 21st day of October, 2022.

Respectfully submitted,

/s/ *James L. Simon*
James L. Simon
Simon Law Co.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, Ohio
Phone: (216) 816-8696
Email: james@simonsayspay.com

/s/ *Michael L. Fradin*
Michael L. Fradin
The Law Office of Michael L. Fradin
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Phone: 847-644-3425
Fax: 847-673-1228
Email: mike@fradinlaw.com

*Counsel for Plaintiff and the Putative Collective*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2022, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ *James L. Simon*

-12-