UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Curtis Remaley, on behalf of himself and other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**Hungry Howie Pizza & Subs, Inc.**, and **HH Pizza Management, Inc.**<br><br>Defendant. | No. 2:22-cv-12056<br><br>JUDGE DENISE PAGE HOOD |

### **DECLARATION OF JAMES L. SIMON**

I, James L. Simon, declare as follows:

    1.    I have personal knowledge of the facts pertaining to this matter and the facts stated herein.

    2.    I conducted extensive legal and factual research prior to filing the Collective Acton Complaint in this matter on August 31, 2022.

    3.    Defendant Hungry Howie Pizza & Subs, Inc. ("Defendant") was duly served on September 9, 2022.

    4.    I was not contacted by Defendant or its Counsel until receiving the letter attached hereto as "Exhibit 1."

    5.    Although the letter is dated September 1, 2020, this was apparently inadvertently left over from a template or canned letter that Counsel for Defendant utilizes. The letter was actually sent to me via email on September 29, 2022.

6. In the letter, Counsel for Defendant demands that Defendant be dismissed from this this matter *with prejudice* within seven (7) days and threatens to seek sanctions against both Plaintiff and his Counsel for any failure or refusal to do so.

7. I responded to Counsel for Defendant via email the following morning of September 30, 2022 indicating that Plaintiff would not be dismissing Defendant as requested and that Plaintiff would consider adding H.H. Pizza, Inc. as a Defendant in this matter.

8. Defendant filed its Motion for Summary Judgment that same day at 1:14 p.m. Eastern Standard Time.

9. Plaintiff is unable to oppose the Motion on the facts because the Parties have not engaged in any discovery whatsoever.

10. In order to respond to Defendant's Motion on the facts, Plaintiff needs to conduct discovery:

   a. The nature of the relationship between Defendant and H.H. Pizza, Inc.;

   b. The degree to which Defendant profits from the operation of Hungry Howie's stores in Florida.

   c. The degree to which Defendant may share in any losses from the operation of Hungry Howie's stores in Florida;

   d. Whether Defendant and H.H. Pizza, Inc. share any common ownership, directors, officers, management, and other employees;

   e. Whether Defendant and H.H. Pizza, Inc. share human resources;

   f. The degree to which Defendant and H.H. Pizza, Inc. share software platforms, payroll, GPS tracking, and other intellectual property;

   g. The degree of control that Defendant exercises over H.H. Pizza Inc. pursuant the

self-described licensing arrangement;

h.  The degree to which H.H. Pizza Inc. shares enterprise-wide policies with Defendant such as franchisee training materials, management training materials, deliver-driver training materials, company handbooks and other written policies and procedures;

i.  Defendants acts and omission relative to ensuring that Hungry Howie's delivery drivers in the state of Florida are being paid in accordance with the FLSA;

j.  Any other facts relevant to Defendant's status as an "employer" under the FLSA.

11. In order to seek the information that Plaintiff needs to properly respond to Defendant's Motion, Plaintiff will serve written discovery requests and intends to conduct a Fed. R. Civ. P. 30(b)(6) deposition.

12. I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge, recollection, and belief.

10/21/2022

James L. Simon
*Counsel for Plaintiff and the Putative Collective*

# EXHIBIT 1



MICHELLE C. HARRELL
mharrell@maddinhauser.com
248.827.1862 direct
248.359.6162 fax

28400 Northwestern Highway  Second Floor  Southfield, MI 48034-1839  (248) 354-4030  fax (248) 354-1422  www.maddinhauser.com

September 1, 2020

**VIA FIRST CLASS MAIL AND E-MAIL**

James L. Simon, Esq.
Simon Law Co.
5000 Rockside Rd., Ste. 520
Independence, OH 44131
*james@simonsayspay.com*

Michael L. Fradin, Esq.
The Law Office of Michael L. Fradin
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
*mike@fradinlaw.com*

  Re: *Curtis Remaley v. Hungry Howie Pizza & Subs, Inc. and HH Pizza Management, Inc.*
    U.S. District Court for the Eastern District of Michigan
    Case No. 2:22-cv-12056-DPH-JJCG

Counsel:

  Our office represents Hungry Howie's Pizza & Subs, Inc. ("Hungry Howie's"). Please direct all communications regarding this matter to our attention.

  We reviewed the Collective Action Complaint that you filed on August 31, 2022 in the United States District Court, Eastern District of Michigan. In the Complaint, you allege that Hungry Howie's violated the minimum wage and overtime provisions of 29 USC §§ 206 and 207(a) of the Fair Labor Standards Act ("FLSA"). Specifically, you allege that Hungry Howie's failed to adequately reimburse Plaintiff Curtis Remaley, a delivery driver employed by a location in Leesburg, Florida, and similarly situated delivery drivers for delivery-related expenses.

  Pursuant to Fed.R.Civ.P.11(c)(1), this letter requests that the Complaint be immediately dismissed with prejudice against Hungry Howie's. If Plaintiff fails to do so, we will seek sanctions, including attorney fees, against Plaintiff and his counsel for pursuing frivolous claims to the full extent of Fed.R.Civ.P. 11.

03682403 v1

### I. YOU FAILED TO CONDUCT A BASIC INVESTIGATION INTO PUBLICLY-AVAILABLE FACTS BEFORE FILING YOUR COMPLAINT IN VIOLATION OF THE FEDERAL RULES.

Pursuant to the Federal Rules, the signatures upon the Complaint by you and the Plaintiff certified to the best of each of your knowledge, information and belief, formed after a reasonable inquiry, that the claims are warranted by existing law and that the factual contentions have evidentiary support. Before we move for summary judgment and seek sanctions for failing to verify the allegations in the Complaint, we ask that you consider the evidence presented with this letter and voluntarily dismiss the Complaint improperly filed against Hungry Howie's.

As set forth below, the Complaint is premised on mistaken assumptions of "facts" and legal conclusions that are demonstrably untrue and should have been known to Plaintiff or most likely would have been discovered by Plaintiff with only a cursory investigation and research by Plaintiff and/or his counsel.

Overall, the basis for the lawsuit rests on the assumption of fact that Plaintiff was "jointly employed" by Hungry Howie's and an entity named "HH Pizza Management, Inc." It is further asserted that this joint employment is evidenced by a "franchisee partnership" between Hungry Howie's and HH Pizza Management, Inc. The facts below easily and obviously prove that there was no reasonable investigation of the proper parties to name in this suit and that these allegations are false.

Hungry Howie's was neither Plaintiff's employer nor a joint employer. As stated in your Complaint, Plaintiff was employed at a store located at 2209 Citrus Boulevard, Leesburg, Florida (the "Leesburg Store"). Had counsel or Plaintiff conducted even a cursory investigation prior to filing this lawsuit, each would have discovered that Hungry Howie's does not franchise any store located in the State of Florida (including the Leesburg Store).

Any reasonable investigation would have included a review of publicly-available information, including the Hungry Howie's Pizza & Subs, Inc. and Franchise Disclosure Document ("FDD"). The FDD expressly informs that Hungry Howie's does not operate a franchise in Florida, has no control over any operation of any Florida location, and Florida locations do not follow the Hungry Howie's system. The FDD repeatedly states that Florida locations are excluded from the Hungry Howie's franchise network and system. For example, the FDD – which is available online from a simple Google search – expressly states regarding Florida that:

> H.H. Pizza, Inc. [defined as "Florida"] operates under a license agreement with Hungry Howie's to use the Marks in the State of Florida exclusively. Florida does not follow the Hungry Howie's system and is free to set its own standards and specifications, subject to its license agreement. Florida's license agreement with Hungry Howie's requires Florida to offer high quality foods and services in connection with the Marks

and allows Florida to use the Marks royalty-free. Florida is responsible for all franchisor obligations with respect to its franchisees located in the State of Florida. Florida collects all franchise fees and royalties from its franchisees located in the State of Florida. Florida became a licensee in 1984 and is our only licensee. Florida does not conduct the type of business you would operate as a franchisee. Florida has offered franchises under its license agreement for restaurants under the name Hungry Howie's Pizza since 1984. Florida franchisees have no direct post-sale performance obligations to Hungry Howie's. Florida franchisees, however, do have post-sale performance obligations to Florida.

Moreover, the Complaint demonstrates that you claim to have accessed the Hungry Howie's website for information. This access further evidences that you failed to conduct any reasonable investigation because a simple review of the website information negates the allegations that you made in the Complaint.

Specifically, in support of your allegations, you cite https://franchising.hungryhowies.com/faq (last visited August 31, 2022). However, a reasonable reading of the site would have indicated the following to wit:

> Hungry Howie's locations are franchised to independent owners and operators by Hungry Howie's Pizza & Subs, Inc. located at 30300 Stephenson Highway, Suite 200, Madison Heights, Michigan 48071 (248) 414-3300. Stores located in the State of Florida are franchisee by H.H. Pizza, Inc. located at 2109 – D Main Street, Dunedin, Florida 34698 (727) 734-8800.

> ©2021 Hungry Howies Pizza & Subs, Inc. All rights reserved. Hungry Howie's and its related marks are trademarks of Hungry Howie's Pizza & Subs, Inc. Use of the trademarks in the State of Florida are under licensed to H.H. Pizza, Inc.

Also, a cursory reading of the Hungry Howie's main website located at www.hungryhowies.com would have revealed the following additional information:

> If you are hired, you are an employee of the franchisee who owns the store and not Hungry Howie's Pizza & Subs, Inc. or HH Pizza, Inc. Your pay, hours, work conditions, benefits and terms and conditions of hiring or employment are not established by Hungry Howie's Pizza & Subs, Inc. or HH Pizza, Inc. Job descriptions are meant only as a general description. Actual job duties and responsibilities may vary. If you have questions about your employment, please directly contact the local independently owned and operated Hungry Howie's Pizza® franchise.

DocuSign Envelope ID: 599E66E7-C191-473E-A161-55F283A6E2C7

All stores are independently owned and operated.

© 2021 Hungry Howie's Pizza & Subs, Inc. All rights reserved. Hungry Howie's ® and its related marks are trademarks of Hungry Howie's Pizza & Subs, Inc. Use of the trademarks in the State of Florida are under license to HH Pizza, Inc.

Hungry Howie's locations are franchised to independent owners and operators by Hungry Howie's Pizza & Subs, Inc. located at 303000 Stephenson Highway, Suite 200, Madison Heights, Michigan 48071 (248) 414-3300. Stores located in Florida are franchised by HH Pizza, Inc. located at 2109 D Main Street, Dunedin, Florida 34698 (727) 734-8800.

Certainly, there is readily-available, public information that HH Pizza, Inc., and not Hungry Howie's Pizza & Subs, Inc., franchises the stores in the State of Florida. Hungry Howie's does not receive any payments from HH Pizza from its Florida operations and does not benefit from HH Pizza's Florida operations. As a result, Plaintiff's numerous allegations in its Complaint that refer to HH Pizza Management, Inc. and Hungry Howie's are completely without basis.

Furthermore, the complaint is so wrought with factual allegations that are patently untrue and false that it will be demonstrated at such that time that sanctions are sought that Plaintiff and its counsel conducted little or no research of the facts prior filing this suit.

**II.     THE COMPLAINT LACKS ANY VALID BASIS IN EXISTING LAW OR LEGAL STANDARDS.**

None of the available legal tests that are used in the Fair Labor Standards Act context provide any legal basis for the claims that you have asserted against Hungry Howie's. As a threshold matter, there is simply no factual or legal connection between Plaintiff and Hungry Howie's.

First, there is no "joint employer" status applicable between Plaintiff and Hungry Howie's. 29 C.F.R. 791.2(a)(1) sets forth the four factors relevant to the determination of whether another employer or company can be a "joint employer" for purposes of FLSA and analyze whether the other employer or company:

(1)     Hires or fires the employee;
(2)     Supervises or controls the employee's work schedule or conditions of employment to a substantial degree;
(3)     Determines the employee's rate and method of payment; and
(4)     Maintains the employee's employment records.

DocuSign Envelope ID: 599E66E7-C101-473E-A161-55F283A6E2C7
Case 2:22-cv-12056-DPH-JJCG ECF No. 11-1, PageID.85 Filed 10/21/22 Page 9 of 9

SEPTEMBER 29, 2022
PAGE 5 OF 5

Here, none of those factors are present in any respect. Hungry Howie's does not hire, fire, control work schedules or conditions of employment, determine pay rates or methods, or have any employment records for any Florida franchise employees, including Plaintiff. Hungry Howie's does not train Florida franchise employees, and has no contact with any of HH Pizza's Florida franchisees.

Similarly, there is no legal test or standard that would impose liability upon Hungry Howie's for Plaintiff's employment terms and conditions. For example, the "economic realities" test and "ABC Test" factors are also not present or satisfied regarding Hungry Howie's and Plaintiff is neither an employee or contractor for Hungry Howie's.

### III. THE U.S. DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN, IS AN IMPROPER VENUE FOR THIS ACTION.

Venue is not proper in the State of Michigan. In Paragraph 9 of the Complaint, you state that "a substantial part of the events giving rise to the claims herein occurred in this district" [meaning the Eastern District of Michigan]. This is a false statement. Your Plaintiff claims to reside in Florida, and to have been a delivery driver in Florida for a Florida location and employed by a Florida entity. The claims have no nexus to the State of Michigan or, in fact, Hungry Howie's, and the Complaint is not properly filed in the U.S. District Court, Eastern District of Michigan. Given the lack of nexus and failure to investigate the proper venue, it is readily apparent with your citation of Clark v. Pizza Baker, Case No 2:18-cv-00157, 2019 U.S. Dist. Lexis 161623 *25-31 (S.D. Oh. Sept. 23, 2019) the that your selection of this venue is a blatant attempt to "forum shop".

Hungry Howie's will vigorously pursue all of its rights, including its right to sanctions, if the Complaint is not voluntarily withdrawn within 7 days of the date of this letter. If the Complaint is not timely withdrawn, we will seek sanctions, including attorney fees and costs. We will also be filing a Motion for Summary Judgment accordingly.

Very truly yours,

Maddin, Hauser, Roth & Heller, P.C.

*Michelle C. Harrell*

Michelle C. Harrell

MCH/sem
ecc: Stuart M. Bordman, Esq.
Hungry Howie's Pizza & Subs, Inc.

03682403 v1