UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS REMALEY,

      Plaintiff,                       Case No. 22-cv-12056

v.                                  Honorable Denise Page Hood

HUNGRY HOWIE PIZZA & SUBS, INC.  Magistrate Judge Jonathan J.C. Grey
and HH PIZZA MANAGEMENT, INC.,

      Defendants.

---

**Defendant HHPizza Management, Inc.'s Motion to Dismiss for Lack of
Personal Jurisdiction and Improper Venue**

Defendant HHPizza Management, Inc. ("HHPizza") moves to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and for improper venue. In support of the motion, HHPizza states:

1.      Plaintiff—a Florida-based pizza delivery driver—sued Florida-based HHPizza under the mistaken impression that HHPizza was his employer; it was not. Rather, it handles payroll for his employer, non-party Dizo Inc. He also filed suit against Michigan-based Hungry Howie Pizza & Subs, Inc. ("Hungry Howie of Michigan"), under the mistaken impression that Hungry Howie of Michigan is the franchisor of HHPizza. In fact, HHPizza is not a franchisee of any entity, and Hungry Howie of Michigan does not franchise any Florida restaurants; a separate non-party (called H.H. Pizza, Inc. and referred to herein as "Hungry Howie of Florida" to avoid confusion) is the sole franchisor of Florida-based Hungry Howie franchises, including Plaintiff's former employer Dizo.

2.      HHPizza has no contacts with Michigan, let alone the contacts necessary to subject it to the jurisdiction of this Court under Michigan's long-arm statute or under constitutional due process principles. And venue is inappropriate here even if there were jurisdiction (and there is not). HHPizza thus requests that it be dismissed as a defendant for lack of personal jurisdiction and improper venue.

3.      HHPizza's counsel has had several telephonic and email communications with counsel for Plaintiff and counsel for Defendant Hungry Howie

of Michigan about the requested relief. Counsel for Defendant Hungry Howie Pizza

& Subs, Inc. consents to the requested relief, but counsel for Plaintiff Curtis Remaley

does not, requiring the filing of this motion.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: s/*Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: October 27, 2022
437943

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS REMALEY,

      Plaintiff,                            Case No. 22-cv-12056

v.                                    Honorable Denise Page Hood

HUNGRY HOWIE PIZZA & SUBS, INC.  Magistrate Judge Jonathan J.C. Grey
and HH PIZZA MANAGEMENT, INC.,

      Defendants.

---

**Defendant HH Pizza Management, Inc.'s Brief in Support of its
Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue**

## Statement of Issues Presented

1. Before a Court may exercise personal jurisdiction over a non-resident defendant, the plaintiff must allege facts showing defendant is subject to the state's long-arm statute. Florida-based Defendant HHPizza Management is subject to long-arm jurisdiction only if it "transacted business" in Michigan. Because Plaintiff has (erroneously) alleged only that a Michigan company disseminated policies *to* HHPizza in Florida, should the Court dismiss for lack of jurisdiction?

2. Constitutional due process further limits personal jurisdiction over a non-resident defendant. It requires three showings: (a) that the defendant purposefully availed itself of the protection of the forum state; (b) that the lawsuit arises out of the defendant's contacts with the forum; and (c) that it would be reasonable to exercise jurisdiction. With respect to the due process clause:

    a. "Purposeful availment" requires proof that the defendant took "overt" actions directed at the forum state. Unilateral acts of other parties directed at defendant do not count. Plaintiff alleges only that the Michigan-based co-Defendant Hungry Howie Pizza & Subs, Inc. created a policy in Michigan which "cascaded down" to HHPizza in Florida. Because such facts do not establish "purposeful availment" of a Michigan forum by HHPizza, should the Court dismiss for lack of jurisdiction?

    b. The "arising under" prong requires that the lawsuit arise out of the defendant's contacts with the state of Michigan. The Sixth Circuit recently held that the relevant specific-jurisdictional conduct in an FLSA claim occurs where the alleged underpayment was made. Because here, the alleged underpayment occurred in Florida, Plaintiff's claims do not arise out of HHPizza's purported contacts with Michigan. Should the Court dismiss for lack of jurisdiction?

    c. Even if the first two prongs of the personal-jurisdiction test are met, exercising personal jurisdiction must still be reasonable. Here, both plaintiff and defendant are Florida residents. Plaintiff's claim against HHPizza is *de minimis*, and his lawsuit was only filed in Michigan for procedural advantage over the much larger co-defendant Hungry Howie Pizza & Subs. Given the circumstances, should the Court find exercising jurisdiction over non-resident HHPizza is unreasonable?

3.  A plaintiff may not rely on mere allegations of personal jurisdiction when the defendant introduces facts contesting jurisdiction. HHPizza has provided this Court with evidence undermining both key allegations regarding jurisdiction: the false claim that HHPizza employed Plaintiff, and the false claim that HHPizza is a franchisee of co-defendant Hungry Howie Pizza & Subs. Moreover, HHPizza has no contacts with Michigan whatsoever. Based on these facts, should the Court dismiss for lack of jurisdiction?

4.  If a plaintiff does introduce, through affidavit or otherwise, facts to support his bare allegations of personal jurisdiction, Rule 12(b)(2) permits the Court to decide personal jurisdiction through an evidentiary hearing. If necessary, should the Court hold an evidentiary hearing on disputed facts (if any materialize) before subjecting a small, out-of-state defendant to litigation in a distant forum?

5.  Venue is proper in a given forum only when "a substantial part of the events or omissions giving rise to the claim occurred" there. Because the substantial part (if not the entirety) of the events giving rise to Plaintiff's claim occurred in the Middle District of Florida, should this case be dismissed for improper venue?

# Table of Contents

Statement of Issues Presented ................................................................i

Controlling or Most Relevant Authorities ..................................iv

Introduction ..........................................................................1

Background ..........................................................................2

Argument ..........................................................................4

I.    This Court lacks personal jurisdiction over Florida-based HH Pizza. ..........................................................................4

    A.    As a factual matter, Plaintiff's allegations are false and there is no basis to exercise personal jurisdiction over HHPizza. ....................................................6

    B.    The Court, alternatively, could dismiss on the face of the complaint without taking evidence because Remaley's complaint does not even establish a prima facie case for jurisdiction. ....................................................8

        1.    The Michigan long-arm statute does not reach HHPizza. ....................................................9

        2.    Due process would be offended if HHPizza were sued here. ....................................................10

            a.    HHPizza did not purposefully avail itself of a Michigan forum. ....................................................11

            b.    The allegations arise out of conduct in Florida, not Michigan. ....................................................13

            c.    It would be unreasonable to subject HHPizza to jurisdiction here. ....................................................14

II.    Venue is improper in this district. ....................................................16

Conclusion ..........................................................................17

# Controlling or Most Relevant Authorities

## Cases

*16630 Southfield Ltd. P'ship v. Flagstar Bank*,
  727 F.3d 502 (6th Cir. 2013) ................................................................9

*Asahi Metal Indus. Co. v. Super. Court of Cal.*,
  480 U.S. 102 (1987) ........................................................................14

*Audi AG & Volkswagen of Am., Inc. v. Izumi*,
  204 F. Supp. 2d 1014 (E.D. Mich. 2002) ............................................16

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*,
  768 F.3d 499 (6th Cir. 2014) ...............................................................4

*Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) .................................5

*Bridgeport Music, Inc. v. Still N The Water Pub.*,
  327 F.3d 472 (6th Cir. 2003) .............................................................11

*Canaday v. Anthem Companies, Inc.*,
  9 F.4th 392 (6th Cir. 2021) ......................................................... 13, 15

*Coleman v. Chen*,
  712 F. Supp. 117 (S.D. Ohio 1988) ............................................. 11, 12

*Fazoli's Franchising Sys., LLC v. JBB Invs., LLC*,
  2008 WL 4525433 (E.D. Ky. Sept. 30, 2008) ......................................12

*Glenn v. TPI Petroleum*,
  305 Mich. App. 698 (2014) ................................................................10

*J. McIntyre Mach. v. Nicastro*,
  564 U.S. 873 (2011) ........................................................................11

*Lafarge Corp. v. Altech Env't, U.S.A.*,
  220 F. Supp. 2d 823 (E.D. Mich. 2002) .............................................10

*LAK, Inc. v. Deer Creek Enters.*,
  885 F.2d 1293 (6th Cir. 1989) ...........................................................12

*Means v. United States Conf. Cath. Bishops*,
   836 F.3d 643 (6th Cir. 2016) .................................................................................4

*Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*,
   40 F.4th 432 (6th Cir. 2022) ...............................................................................5

*Shell v. Pie Kingz,*
   *LLC*, 415 F. Supp. 3d 769 (N.D. Ohio 2019) ......................................................15

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) .............................................................................5

*Viches v. MLT, Inc.*,
   127 F. Supp. 2d 828 (E.D. Mich. 2000) ............................................................12

**Statutes**

28 U.S.C. § 1391(b)(2) ...........................................................................................16

MCL 600.715 ...........................................................................................................10

## Introduction

Florida-based Plaintiff Curtis Remaley incorrectly claims that Defendant HHPizza Management ("HHPizza") employed him as a delivery driver in Florida. ECF No. 1, ¶¶ 3-4. He is wrong; as his signed employment paperwork and paystubs reflect, non-Defendant Dizo, Inc. employed him. This basic mistake matches the overall sloppiness of Remaley's complaint, which is largely directed at the Michigan-based Hungry Howie Pizza & Subs, Inc. ("Hungry Howie of Michigan.") As described in Hungry Howie of Michigan's summary judgment brief, Remaley's complaint rests on the erroneous premise that Hungry Howie of Michigan franchises restaurants in Florida, when it does not. Rather, non-party H.H. Pizza, Inc. ("Hungry Howie of Florida") is the sole franchisor of Florida stores. ECF No. 6.

Beyond suing the wrong employer and the wrong franchisor, Remaley compounds his errors with a series of speculative "information and belief" allegations that Hungry Howie of Michigan directs its franchisees, including Florida franchisees, to engage in illegal pay practices. ECF No. 1, ¶¶ 15, 71, 74, 90. This puts HHPizza—which is neither Remaley's employer nor itself a franchisee of Hungry Howie of Michigan *or* Hungry Howie of Florida—in the position of having to unjustly defend itself in Michigan, a state where it has *no* contacts at all. But neither Michigan's long-arm statute nor the due process clause permit Remaley to drag HHPizza into this forum. And although Remaley has refused to correct his

mistakes despite being provided clear evidence of his errors, Rule 12(b)(2) does not permit him to skate by on false factual allegations to manufacture jurisdiction. If he insists on suing the wrong defendant, he should do so in the Middle District of Florida—not here. HHPizza should be dismissed as a party due to lack of personal jurisdiction, and because venue is inappropriate in any event.

## Background

The allegations of Remaley's complaint related to Hungry Howie of Michigan's corporate structure and franchising relationships comes largely from the hungryhowies.com website. *See* ECF No. 1, ¶¶ 75, 79, 81, 83-85 (citing https://franchising.hungryhowies.com/faq). Purportedly relying on that website, Remaley suggests that Hungry Howie of Michigan is the franchisor of Florida-based Hungry Howie's restaurants. *See id.* But the very website cited in Plaintiff's Complaint state the opposite:

> "Franchised Units" means all Hungry Howie's Units that were open and reporting sales to us for the entire fiscal year, *and excludes units in the State of Florida*…

> Hungry Howie's locations are franchised to independent owners and operators by Hungry Howie's Pizza & Subs, Inc. located at 30300 Stephenson Highway, Suite 200, Madison Heights, Michigan 48071 (248) 414-3300. *Stores located in the State of Florida are franchised by HH Pizza, Inc. located at 2109 -D Main Street, Dunedin, Florida, 34698 (727) 734-8800.*
> …

> 2021 Hungry Howie Pizza & Subs, Inc. All rights reserved. Hungry Howie's and its related marks are trademarks of Hungry Howie's Pizza

-2-

& Subs, Inc. *Use of the trademarks in the State of Florida are under license to HH Pizza, Inc.*

https://franchising.hungryhowies/com/faq (emphasis added) (Exhibit 1, p. 3); *see also* Ex. 2, Casalaspro Decl. ¶¶ 6-7 & Decl. Ex. B; ECF No. 6-1, ¶¶ 5-15 (Affidavit of Movses Shrikian). The Florida-based H.H. Pizza, Inc. ("Hungry Howie of Florida") merely licenses the trademarks of Hungry Howie of Michigan and may set its own standards for its franchisees. ECF No. 6-1, ¶ 12.

Defendant HHPizza, however, is *not* one of those Hungry Howie of Florida franchisees. Ex. 2, Casalaspro Decl. ¶¶ 2-3. Rather, HHPizza provides payroll services for Hungry Howie of Florida franchisee Dizo, Inc. *Id.* ¶ 3. The Dizo franchise agreement was made with Hungry Howie of Florida, and neither Dizo nor HHPizza have any contractual relationship with Hungry Howie of Michigan. *Id.* ¶¶ 7-10 & Decl. Ex. C. Neither Dizo nor HHPizza has ever received any direction, instruction, or training from Hungry Howie of Michigan on employment policies, including how to compensate delivery drivers or reimburse their expenses. *Id.* ¶¶ 10-11. Those management policies were created by HHPizza itself, in Florida, with no outside help. *Id.* ¶ 11. HHPizza is not licensed to do business in Michigan; it has never transacted or solicited business in Michigan; it has never sent employees to Michigan; and it has no offices or property in Michigan. *Id.* ¶¶ 12-20.

As Remaley's own employment paperwork and paystubs reflect, his employer was Dizo, not HHPizza. *Id.* ¶¶ 4-5 & Decl. Ex. A; Ex. 3, Kelley Decl. ¶¶ 2-3 & Decl.

Ex. A. Dizo employed Remaley to perform services solely in the state of Florida. Ex. 2, Casalaspro Decl. ¶ 4. Remaley identified himself as a Florida resident in his employment paperwork. *Id.* He delivered pizzas within the delivery area of the Leesburg, Florida store. *Id.* He was paid in Florida. *Id.* His pizza-delivery expenses were reimbursed in Florida. *Id.*

**Argument**

## I.  This Court lacks personal jurisdiction over Florida-based HH Pizza.

This case is an FLSA dispute between a Florida pizza delivery driver and his Florida employer Dizo—which is not a party to the suit. Remaley's out-of-state lawyers sued Hungry Howie of Michigan here in Michigan, in an obvious attempt to sue a deep-pocketed defendant for their planned nationwide FLSA collective action. But while there might be general personal jurisdiction over Hungry Howie of Michigan in this state (it is, after all, headquartered here), that fact does not suffice to bring HHPizza along for the ride. *See Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (a plaintiff must establish personal jurisdiction "over each defendant independently").

Under well-established law, HHPizza may not be sued in Michigan unless it is subject to specific jurisdiction there. *Means v. United States Conf. Cath. Bishops*, 836 F.3d 643, 649 (6th Cir. 2016). When, as here, the court's subject-matter jurisdiction arises from the existence of a federal question, personal jurisdiction

-4-

requires two showings: (1) that the defendant "is amenable to service of process under the [forum] state's long-arm statute," and (2) that the exercise of personal jurisdiction is not inconsistent with due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). The due-process analysis, in turn, requires proof (1) that HHPizza "purposely availed" itself of the privilege of acting in Michigan; (2) that the lawsuit arose from HHPizza's Michigan conduct; and (3) that HHPizza's Michigan contacts are substantial enough to make the exercise of jurisdiction" over it "reasonable." *Id.*

Personal jurisdiction motions are resolved under a three-step burden-shifting process. *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437–38 (6th Cir. 2022). First, the Plaintiff must show that his complaint establishes a prima facie case of personal jurisdiction through proper allegations. *Id.* If he does, the defendant must provide evidence showing that it is not subject to personal jurisdiction. *Id.* The burden then shifts back to the plaintiff, who "may no longer stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). The Court may hold an evidentiary hearing to determine jurisdiction, with the burden of proof remaining with the plaintiff. *Theunissen*, 935 F.2d at 1458-1459.

Here, for clarity's sake, HHPizza starts with its second-stage burden: showing this Court that, as a factual matter, it is not subject to personal jurisdiction in Michigan. But as described below, Remaley has not even met his first-stage showing

-5-

of establishing a prima facie case of personal jurisdiction through the allegations of his complaint—meaning that this Court should dismiss outright without addressing the facts. And even if Remaley could raise factual disputes, the Court should hold an evidentiary hearing to resolve the jurisdictional issue before forcing a small, out-of-state business to fully litigate this matter in a forum where it does not belong.

### A. As a factual matter, Plaintiff's allegations are false and there is no basis to exercise personal jurisdiction over HHPizza.

As the background section reflects, Remaley's allegations about the supposed franchisor-franchisee relationship between Hungry Howie of Michigan and Hungry Howie's franchises in Florida is incorrect, per the very website page he relied on to make his allegations. Hungry Howie of Michigan does *not* franchise any stores in the state of Florida. Rather, it has a license agreement with Hungry Howie of Florida, and *that* entity is the sole franchisor of Florida-based Hungry Howie's franchisees.

More importantly, Defendant HHPizza is not a franchisee at all—neither of Hungry Howie of Michigan *nor* of Hungry Howie of Florida. Ex. 2, Casalaspro Decl. ¶¶ 3, 7. Rather, it provides management services to one of Hungry Howie of Florida's franchisees, Dizo. *Id.* Neither entity "directed" HHPizza to use the pay practices and policies applicable to Remaley; rather, HHPizza created the pay practices and policies used by Dizo, on its own, without outside assistance from anyone. *Id.* ¶¶ 10-11. Non-party Dizo's entire relationship with Remaley occurred in Florida: it employed him in Florida, and paid him in Florida. *Id.* ¶ 4. Ultimately,

HHPizza has never "purposely availed" itself of the privilege of doing business in Michigan; it has no employees in Michigan, it has transacted no business in Michigan; it has never sent employees to Michigan for any purpose; it owns no property in Michigan; it is not licensed to do business in Michigan, and otherwise has done nothing to subject itself to jurisdiction in a Michigan court. *Id.* ¶¶ 12-20.

Remaley's allegations, as discussed in the next section, are inadequate on their face—warranting dismissal outright. But even if Remaley's allegations are sufficient, allegations are no longer enough in light of the facts set forth above. Remaley must provide *facts*, by affidavit or otherwise, proving that HHPizza is subject to the personal jurisdiction of this Court. *See supra* at 5. He will be unable to do so, because no facts exist. Even if Remaley could come up with admissible evidence on this matter giving rise to a material question of fact on this issue (and it is hard to believe how he could do so), the Court should resolve the issue through an evidentiary hearing before allowing this case to proceed. It would be unfair to force a small Florida business to litigate minor, Florida-only dispute in a distant state that it has no contacts with because Remaley mistakenly identified it as his former employer and a franchisee, particularly when (as described below) the allegations against HHPizza are essentially an afterthought in a Complaint and lawsuit primarily directed at co-defendant Hungry Howie of Michigan. The jurisdictional issue should be resolved before any further proceedings against HHPizza occur.

**B.     The Court, alternatively, could dismiss on the face of the complaint without taking evidence because Remaley's complaint does not even establish a prima facie case for jurisdiction.**

Remaley's Complaint essentially treats jurisdiction—and HHPizza itself—as an afterthought. Despite 138 paragraphs in Remaley's complaint, there are no allegations that HHPizza did anything to avail itself of the privilege of doing business in Michigan, let alone that these specific contacts gave rise to the dispute between Remaley and HHPizza over his wages. *See generally* ECF No. 1. Instead, the complaint largely makes allegations about Hungry Howie of Michigan, and presumes that Hungry Howie of Michigan did business *in Florida*, rather than the other way around. It does so by setting forth a series of "information and belief" allegations that Hungry Howie of Michigan is the franchisor of HHPizza; that Hungry Howie of Michigan makes corporate decisions on relevant policies including expenses reimbursement; and that these decisions "are cascaded down to franchisees such as HH Pizza." ECF No. 1, ¶¶ 15, 71, 74, 90. In fact, he concedes the speculative nature of his assertions, blaming his "very limited access to information relevant" to the defendants' purported relationship. *Id.* ¶ 103.

These allegations cannot even make a prima facie case of personal jurisdiction against HHPizza (or, for that matter, Dizo). *See supra* at 5. The Sixth Circuit holds that information and belief allegations in a complaint are "conclusory" and should be "ignore[d]" because they "contribute nothing to the sufficiency of the complaint."

*16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 506 (6th Cir. 2013). So understood, the complaint does not create an inference that HHPizza's pay decisions have anything to do with Hungry Howie of Michigan.

The lack of any well-pled allegation of a connection between Hungry Howie of Michigan and HHPizza's pay decisions alone warrants dismissal. But even if these conclusory allegations that Hungry Howie of Michigan's decisions "cascade down" to purported Florida franchisees were accepted, that would still not subject HHPizza to personal jurisdiction in Michigan. Such allegations, at best, reflect Hungry Howie of Michigan reaching out *to Florida*, not HHPizza doing anything in Michigan that would subject it to Michigan's jurisdiction.

## 1. The Michigan long-arm statute does not reach HHPizza.

Michigan's long-arm statute related to corporations permits personal jurisdiction over a foreign corporation arising out of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

MCL 600.715. The second through fifth categories do not apply—this case does not involve a tort, Michigan property, insurance, or a Michigan services/material contract. And the mere allegation that a Michigan entity made "strategic decisions" that "cascaded down" to HHPizza in Florida does not show that HHPizza "transacted business" *in Michigan*. *See, e.g.*, *Glenn v. TPI Petroleum*, 305 Mich. App. 698, 714-15 (2014) (holding that Valero Petroleum did not "transact business" in Michigan because it had a "retail and branded wholesale network" of gas stations, when it was the *affiliate's* Michigan-based conduct that gave rise to the suit); *Lafarge Corp. v. Altech Env't, U.S.A.*, 220 F. Supp. 2d 823 (E.D. Mich. 2002) (foreign manufacturer did not "transact business" in Michigan by providing components to subsidiary, because it was the subsidiary who sold equipment to Michigan buyer).

Under this authority, the fact that HHPizza is alleged to be *affiliated* with a Michigan company that did something in Michigan is not enough. But that is all Remaley's conclusory and false allegations claim: that Hungry Howie of Michigan created policy in Michigan and influenced Florida-based HHPizza to use the policy in Florida—not that HHPizza itself transacted any business in Michigan. The complaint's allegations do not, on their face, satisfy Michigan's long-arm statute.

### 2.  Due process would be offended if HHPizza were sued here.

In any event, the pleadings do not show that HHPizza is subject to personal jurisdiction in Michigan, because the due-process test is not satisfied either. As

discussed *supra* at 4-5, there are three distinct elements that must be satisfied before due process will permit the exercise of personal jurisdiction: (a) purposeful availment; (b) that the lawsuit arises from the forum contacts; and (c) reasonableness. Remaley cannot show any of these, let alone all of them.

**a. HHPizza did not purposefully avail itself of a Michigan forum.**

Nothing in the complaint alleges that HHPizza purposefully availed itself of the privilege of doing business in Michigan. Purposeful availment does not arise from "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003) (cleaned up). Rather, it requires "overt actions" reflecting a "course of conduct directed at the society or economy within the" forum state. *J. McIntyre Mach. v. Nicastro*, 564 U.S. 873, 884 (2011).

Remaley's allegation that Hungry Howie of Michigan's policies "cascaded down" to HHPizza in Florida is a textbook example of a unilateral act of another party that does not give rise to personal jurisdiction, as reflected in similar fact patterns arising in other courts. In *Coleman v. Chen,* Holiday Inn as franchisor advertised on behalf of the Holiday Inn brand in Ohio, influencing the Ohio plaintiff to stay at a Holiday Inn franchise in California. 712 F. Supp. 117, 117–22 (S.D. Ohio 1988). The plaintiff was injured on the California property and sued in Ohio, but the court held there was no personal jurisdiction in Ohio over the California franchisee.

*Id.* It held that because the California franchisee "lack[ed] control over the acts of" the Holiday Inn franchisor, the California franchisee "cannot be said to have 'purposefully availed itself of the privilege of conducting activities'" in Ohio as a result of the Holiday Inn franchisor's decisions. *Id.* at 121. Other cases are similar. *See, e.g.*, *Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 829 (E.D. Mich. 2000) (out-of-state entity did not purposefully avail itself of doing business in Michigan because a tour operator it was affiliated with sold a travel package in Michigan to plaintiff); *Fazoli's Franchising Sys., LLC v. JBB Invs., LLC*, 2008 WL 4525433, at *4 (E.D. Ky. Sept. 30, 2008) (holding that franchisee did not "purposefully avail" itself of doing business in franchisor's home state because it signed contracts with the franchisor there); *cf. LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir. 1989) (defendant did not "purposefully avail" itself of the Michigan forum despite contracting with a Michigan plaintiff, as *plaintiff* initiated the transaction giving rise to the lawsuit, which was finalized by the defendant in its home state).

Simply put, Remaley has not alleged any facts—conclusory or otherwise—suggesting that HHPizza took "overt actions" directed at Michigan as a forum. Rather, he alleges that a Michigan franchisor unilaterally developed a policy, and influenced HHPizza to apply that policy in Florida to Florida workers. Those allegations do not reflect HHPizza purposefully availing itself of Michigan.

**b. The allegations arise out of conduct in Florida, not Michigan.**

Remaley's Complaint also fails the second step of the due process analysis. Remaley's FLSA allegations against HHPizza relate to HHPizza's alleged conduct in Florida, not any conduct in Michigan. The Sixth Circuit's recent decision in *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021), is dispositive. In that case, the plaintiffs sought to bring a nationwide FLSA collective action against Anthem, which determined that certain nurses were exempt from FLSA overtime pay. *Id.* at 394-95. The named plaintiff brought an FLSA suit in Tennessee (where she worked) and many non-Tennessee residents opted in. *Id.* The district court, however, dismissed all the non-Tennessee opt-ins and the Sixth Circuit affirmed. It reasoned that the relevant conduct giving rise to the claims was the employment of the opt-in plaintiffs, followed by the nonpayment of overtime—events that happened in the states where the employees worked. *Id.* at 397. Those plaintiffs, instead, could either sue in their employer's home state (under general jurisdiction principles) or in the state where they were employed and allegedly "shortchanged" overtime, under specific jurisdiction. *Id.* at 397, 400-01.

The same principles apply here. The alleged improper conduct is HHPizza's allegedly paying Remaley less than minimum wage. Under *Canaday*, non-payment of wages occurs in the state where the employee worked—here, Florida. This lawsuit thus arises from HHPizza's contacts with Plaintiff in Florida—which is also its

headquarters—and not from any alleged HHPizza contacts with Michigan. For this reason, too, Remaley has not alleged that HHPizza is subject to personal jurisdiction in Michigan. Rather, personal jurisdiction lies in Florida.

**c. It would be unreasonable to subject HHPizza to jurisdiction here.**

Even if the purposeful availment and "arising out of" due process elements are satisfied by Remaley's pleadings—and they are not—it would not be reasonable to subject HHPizza to jurisdiction given the allegations. The Supreme Court has identified three factors relevant to the reasonableness inquiry: (1) the burden on the defendant; (2) the interests of the forum state; and (3) the plaintiff's interest in obtaining relief. *Asahi Metal Indus. Co. v. Super. Court of Cal.,* 480 U.S. 102, 113 (1987). None of these factors warrant subjecting HHPizza to jurisdiction here. The relevant dispute here is between two out-of-state parties: a Florida pizza driver and a Florida corporation for alleged underpayments in Florida; Michigan thus has no interest in protecting its citizen. *See Asahi*, 480 U.S. at 114 (reflecting the unreasonableness of a California court adjudicating a dispute between two out-of-state entities).

Likewise, the plaintiff's actual interests, compared with the burden on defendant, also tip towards the unreasonableness of jurisdiction against HHPizza here. The amount in controversy between Remaley and HHPizza is minuscule; Remaley worked for Dizo for a short time, and payroll records show that Remaley

made on average $11.80 per hour—a full $4.55/hr more than the $7.25/hr federal minimum wage. *See* Ex. 3, Kelley Decl. ¶¶ 2-3 & Decl. Ex. A, p. 10 ($10,755.69 total pay divided by 911.60 hours). Thus, even accepting his legal theory that his unreimbursed mileage made his hourly rate effectively lower, he would need to prove an unreasonably high amount of unreimbursed mileage before his pay would dip below $7.25 per hour. *See Shell v. Pie Kingz, LLC*, 415 F. Supp. 3d 769, 773 (N.D. Ohio 2019) (denying FLSA certification involving nearly identical claims because there was no showing that pizza driver's actual wages fell below the federal minimum, even subtracting unreimbursed mileage). Even in a best-case scenario, Remaley's actual damages would be perhaps a few hundred dollars.

This is hardly surprising. There can be little doubt that Remaley's small claim is a means to an end for his counsel's actual intention: to obtain a collective-action certification and use that to leverage a large settlement from Hungry Howie of Michigan that will primarily benefit counsel. And although their allegations would seem to make Florida the proper forum against *both* Hungry Howie of Michigan and HHPizza, this choice of forum was also likely influenced by case law effectively requiring nationwide FLSA collective actions to be filed in the defendant's home state, *see Canaday*, 9 F.4th at 396-398. While the FLSA itself might not explicitly forbid plaintiff's counsel from seeking bit players for these ulterior motives, or making filing decisions towards deep-pocketed defendants based on counsel's

ability to maximize their own potential fees, that does not make it reasonable or fair to drag HHPizza—with its minor, tangential role in the larger dispute—into a jurisdiction where it does not belong. The high-stakes lawsuit against Hungry Howie of Michigan can continue to go on in Michigan, but any litigation against HHPizza belongs in Florida.

## II.     Venue is improper in this district.

Finally, as Hungry Howie of Michigan correctly argues in the alternative in its brief, ECF No. 6, PageID.50-51, venue is improper in this district. When, as here, multiple defendants are residents of different states, venue is proper only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…" 28 U.S.C. § 1391(b)(2). Given both the allegations of the complaint *and* the factual record—which the Court may consider for on a 12(b)(3) venue motion, *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)—it cannot reasonably be said that a "substantial part" of the events here occurred in Michigan. Remaley is a Florida resident, who was allegedly underpaid in Florida for work he did in Florida. The only connection to Michigan is tangential and remote, as any such "policy" created by Hungry Howie of Michigan could only have been applied to Remaley through the independent decisions of three Florida-based intermediaries: Hungry Howie of Florida, HHPizza, and his actual employer Dizo. Remaley lives in Florida; his lawyers are not in Michigan; and

-16-

evidence relating to the pay policies and practices applied to Remaley is in Florida. This is a Florida case, and venue belongs there.

## Conclusion

The Court should dismiss this matter for lack of personal jurisdiction and improper venue.

Respectfully submitted,

/s/ Thomas J. Davis
   Eric J. Pelton (P40635)
   Thomas J. Davis (P78626)
Attorneys for Defendant HH Pizza
   Management, Inc.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Dated: October 27, 2022              tdavis@khvpf.com
462708

-17-

**Certificate of Service**

I hereby certify that on October 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com