UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS REMALEY,       Case No. 22-cv-12056
                                   Hon. Denise Page Hood
On behalf of himself and others    Mag. Jonathan J.C. Grey
similarly situated,
        Plaintiff,
v.

HUNGRY HOWIE PIZZA & SUBS, INC. and
HH PIZZA MANAGEMENT, INC.,
        Defendants.
_____/

**<u>DEFENDANT HUNGRY HOWIE'S PIZZA & SUBS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

**I.   INTRODUCTION**

Plaintiff claims that he was not paid sufficient wages as required under the FLSA, and that Defendant Hungry Howie's Pizza & Subs, Inc. ("HHPSI") is somehow liable as a "joint employer" of Plaintiff. Plaintiff worked solely in Florida for a Florida company (that is not a party to this case) as part of a Florida franchise system that HHPSI is not a part of and does not control. Plaintiff's response to HHPSI's Motion asks this Court to ignore that Plaintiff has zero factual basis to bring any claim against HHPSI, sued anyway and now wishes to engage on some "fishing expedition" to try to find some toehold for its sanctionable claim. This Court should instead grant HHPSI's Motion because it is indisputable – and no amount of discovery is going to change the publicly-known, objective facts that: (1) HHPSI has no franchise relationship with Defendant HH Pizza Management, Inc.

("HH Pizza Management"), which is an independent franchise management company for an independent Florida franchise system operated by non-party HHPizza, Inc.; (2) HHPSI does not operate, control or franchise any location in Florida and in particular franchise in Florida at which Plaintiff was allegedly employed; and (3) this case should be dismissed for lack of proper venue because HH Pizza Management is a Florida corporation, and all the alleged claims in the Complaint occurred in Florida.[1]

Plaintiff presents mere boilerplate and conclusory arguments that this Court should hold the Motion in abeyance and allow Plaintiff to "go fishing." Plaintiff does not present any facts at all that support his claim against HHPSI – instead, Plaintiff proposes that some facts may be out there somewhere. There is no discovery that will change the fact that Plaintiff sued the <u>wrong entity</u> in the <u>wrong state</u> without <u>zero factual basis</u>. Additionally, Plaintiff's delay tactic also must fail because Plaintiff does not specifically tie Plaintiff's vague discovery topics to the summary judgment grounds stated in the Motion as required by Fed. R. Civ. P. 56(d). Plaintiff's response is inadequate under Fed. R. Civ. P. 56(d) in this Sixth Circuit.

II. **ARGUMENT**

    A. **A Declaration Must Show the Specific Facts that Discovery Might Uncover to Demonstrate that the Non-Moving Party's Opposition to Summary Judgment is Meritorious.**

---

[1] These facts were confirmed by Defendant HH Pizza Management, LLC in its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. [ECF 12].

{03700282 v2}

Plaintiff is simply wrong on the law because there is no procedure that allows a Plaintiff to sue a company and then "go fishing" to find some basis for the claim. Rule 56, which governs summary judgment, does <u>not</u> require trial courts to allow parties to conduct discovery before entering summary judgment. *Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir. 1979). Indeed, Rule 56(a) permits a party to file a motion for summary judgment at any time after 20 days from the commencement of the action or service of the motion on the other party. *Id.* When a motion for summary judgment is filed, the non-moving party has no absolute right to additional time for discovery. *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989). Rather, the burden is on the party seeking discovery to prove why such discovery is necessary. *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) ("Bare allegations or vague assertions of the need for discovery are not enough" and without a sufficient declaration "there is no justification for the district court's determination that a motion for summary judgment would be premature"). *Walin v. Norman*, 37 F.3d 558, 564 (6th Cir. 2003) (citing the lack of a proper Rule 56 (d) affidavit, the Sixth Circuit reversed the district court's decision that consideration of the summary judgment motion would be premature). Persuading this Court to permit Rule 56 (d) discovery is subject to proof that an opposition to the Motion will be meritorious:

> Rule 56 (d) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must

{03700282 v2}

do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where, as here, a party fails to carry his burden under Rule 56(d), postponement of a ruling on a motion for summary is unjustified.

*Emmons*, 874 F.2d at 356-357.

Further, the party opposing summary judgment must establish precisely what it expects discovery to reveal and how, on an issue by issue basis, that such discovery will help it defeat summary judgment. "A plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts" needed to oppose the motion. *Krim v. Banc Texas Group, Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993). Accordingly, an appropriate declaration seeking discovery under Rule 56 (d) would "state with some precision the materials [the moving party] hopes to obtain with further discovery and exactly how he expects those materials would help him in opposing summary judgment." *Id.* In the Sixth Circuit, relief under Fed. R. Civ. P. 56 (d) is properly denied where the declaration submitted in support of the request for relief does not state how discovery would shed further light on the specific issues underlying the summary judgment motion. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720-721 (6th Cir. 2004).

**B.  Instead of Specificity, Plaintiff's Declaration Contains Only Vague Assertions as to what Discovery Plaintiff would Like.**

{03700282 v2}

Plaintiff's Declaration of attorney James. L. Simon ("Simon") fails to meet the requirements of Fed. R. Civ. P. 56(d). The Declaration vaguely provides generalized categories of discovery materials and does not state with precision exactly how any specific materials would support Plaintiff's opposition to HHPSI's Motion. Plaintiff is required to <u>directly tie</u> the anticipated discovery to the <u>specific grounds</u> in the Motion. None of the vague topics in Plaintiff's "fishing expedition" will specifically counter the grounds in the Motion.[2] For example, there is no discovery that will demonstrate that HHPSI operates the franchise location in Florida, paid wages to Plaintiff, is a franchisor of any locations in Florida, or sets any employment policies for any Florida locations.

In the Motion, HHPSI relies on the fact that publicly-available information on the HHPSI's website and its legally-required Franchise Disclosure Document expressly state that HHPSI does not operate any franchise in Florida, has no control over any Florida franchise, and all Florida locations are excluded from the HHPSI franchise network and system. Plaintiff, as the non-moving party, must identify "what material facts" he expects to "uncover" through the requested discovery, and

---

[2] This Court should note that Plaintiff references and relies upon HHPSI's website information in his Complaint to make vague allegations against HHPSI, but then ignores the very same website's statements regarding HHPSI's lack of any involvement in Florida which is expressly excluded from HHPSI's franchise system. The factual information that negated any good faith claim by Plaintiff against HHPSI was readily-available to Plaintiff before he filed this case, yet he refused to dismiss the case voluntarily when provided with notice under Fed. R. Civ. P. 11.

{03700282 v2}

the factual basis for Plaintiff's expectation must be articulated and reasonably compelling. *Emmons*, 974 F.3d at 357-358; *Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000). The Declaration presented by Plaintiff fails to comply in both respects. For instance, in the Declaration at ¶10, Simon says he needs discovery on the degree to which HHPSI profits or shares in the losses from the operation of stores in Florida, the degree of control HHPSI exercises under the trademark licensing agreement, and HHPSI's acts and omissions relative to ensuring delivery drivers in Florida are being paid in accordance with the FLSA. Simon provides no Rule 56(d) basis on which he needs such information <u>specifically in order to respond to HHPSI's Motion</u>. The bottom line is that Simon is generally describing typical discovery requests <u>and not the very precise discovery tied to the specific grounds in HHPSI's Motion for Summary Judgment</u>. Instead, the Simon Declaration is nothing more than the exact kind of "blanket statement" of which the courts have long disapproved as a Fed. R. Civ. P. 56(d) response to a motion for summary judgment. See, *e.g.*, *Williams v. Overton*, 136 Fed. Appx. 859 (6th Cir. 2005) citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 28 F.3d 1388, 1395 (5th Cir. 1994) ("The nonmoving party may not simply rely on vague assertions that additional discovery will produce needed but unspecified facts.").

Indeed, the Sixth Circuit has noted that it "is not an abuse of discretion for the district court to deny the discovery request when the party 'makes only general and conclusory statements [in the Declaration] regarding the need for

more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the information to be discovered." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004). In *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 320 (6th Cir. 2007), the Sixth Circuit held that the district court's denial of the plaintiff-county's Rule 56(f) motion for additional discovery was not an abuse of discretion where the county wanted to obtain financial data for each football team because such information would not precisely address the issue before the court as to whether the limitations period was tolled due to fraudulent concealment of the claims in the case. Likewise here, this Court would properly exercise its discretion by rejecting Plaintiff's vague demands for free-ranging discovery because such discovery cannot rewrite the actual facts that HHPSI has no Florida connection for a FLSA claim as required by Fed. R. Civ. P. 56.

### III. CONCLUSION

This Court should grant HHPSI's Motion for Summary Judgment.

Respectfully submitted,

/s/ Michelle C. Harrell
Michelle C. Harrell (P48768)
Maddin, Hauser, Roth & Heller, P.C.
28400 Northwestern Hwy., Suite 200
Southfield, MI 48034
(248) 354-4030
*Attorneys for Defendant Hungry Howie's Pizza & Subs, Inc.*

Dated: November 4, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **November 4, 2022**, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

                                      */s/Michelle C. Harrell*
                                      Michelle C. Harrell