UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS REMALEY,

    Plaintiff,

v.

HUNGRY HOWIE PIZZA & SUBS, INC.
and HH PIZZA MANAGEMENT, INC.,

    Defendants.

Case No. 22-cv-12056

Honorable Denise Page Hood

Magistrate Judge Jonathan J.C. Grey

**Plaintiff Curtis Remaley and Defendant HHPizza Management Inc.'s
Joint Motion for Approval of FLSA Settlement**

Plaintiff Curtis Remaley and Defendant HHPizza Management, Inc. (identified in the caption as "HH Pizza Management, Inc.") ("the settling parties"), through their undersigned counsel, move this Court for approval of the settlement agreement attached as Exhibit A. In support of the motion, the parties rely on the legal authorities and arguments set forth in the accompanying brief.

Plaintiff's counsel and HHPizza's counsel concur in the filing of this motion. Counsel for co-Defendant Hungry Howie Pizza & Subs, Inc. has indicated that co-Defendant does not oppose the relief sought in this motion.

Respectfully Submitted,

SIMON LAW CO.

By: /s/*James L. Simon* (with permission)
    James L. Simon
5000 Rockside Rd.
Liberty Plaza – Suite 520
Independence OH
(216) 525-8890
james@simonsayspay.com

THE LAW OFFICE
OF MICHAEL L. FRADIN

By: /s/*Michael L. Fradin* (with permission)
    Michael L. Fradin
8401 Crawford Ave., Ste. 104
Skokie, IL  60076
(847) 644-3425
mike@fraidinlaw

*Counsel for Plaintiff*
Dated: November 17, 2022

KIENBUM HARDY HARDY VIVIANO PELTON & FORREST, P.L.C.

By: /s/*Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

*Attorneys for Defendant HHPizza Management, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS REMALEY,

    Plaintiff,                                     Case No. 22-cv-12056

v.                                                          Honorable Denise Page Hood

HUNGRY HOWIE PIZZA & SUBS, INC.   Magistrate Judge Jonathan J.C. Grey
and HH PIZZA MANAGEMENT, INC.,

    Defendants.

_____

**Plaintiff Curtis Remaley and Defendant HHPizza Management Inc.'s Brief in Support of Joint Motion for Approval of FLSA Settlement**

-i-

## Statement of Issues Presented

1. Should the Court approve the proposed settlement of FLSA claims between Plaintiff and Defendant HHPizza Management, Inc.?

## Table of Contents

Statement of Issues Presented ................................................................................ i

Table of Contents .................................................................................................. ii

Controlling or Most Relevant Authorities ............................................................ iii

Introduction ............................................................................................................1

Background ............................................................................................................1

Analysis ..................................................................................................................3

Conclusion .............................................................................................................7

## Controlling or Most Relevant Authorities

**Cases**

*Athan v. United States Steel Corp.*,
   523 F. Supp. 3d 960 (E.D. Mich. 2021) ............................................................ 3, 5

*Fegley v. Higgins*,
   19 F.3d 1126 (6th Cir. 1994) ................................................................................. 6

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .............................................................................................. 6

*Saizon v. Delta Concrete Products Co., Inc.*,
   448 F.3d 795 (5th Cir. 2006) ................................................................................. 6

**Statutes**

U.S.C. 2001, *et seq.* ..................................................................................................... 1

**Introduction**

This is an action brought by Plaintiff Curtis Remaley under the Fair Labor Standards Act, 29 U.S.C. 2001, *et seq.* alleging minimum wage violations due to alleged underpayment of vehicle expense reimbursement. While Remaley's complaint purports to seek a collective action, no motion for certification has been filed, and Remaley is the only opt-in member of the purported class.

The settling parties, after exchanging pay records and discussing various disputed legal and factual questions related to Plaintiff's theory, determined that it was in both settling parties' best interest to reach a compromised settlement of all claims between them, FLSA and non-FLSA claims. The parties have since finalized two formal Settlement Agreements (one for the FLSA claims, attached as Exhibit A, and a separate settlement for other claims that does not require Court approval), and now move the Court for approval of the FLSA settlement.

**Background**

Plaintiff Remaley, a Florida resident and former pizza delivery driver, brought this action under the Fair Labor Standards Act on behalf of himself and all similarly-situated individuals. Defendants are HHPizza Management, Inc. ("HHPizza")—which Remaley alleged was his Florida employer—and Hungry Howie Pizza & Subs, Inc., ("Hungry Howie of Michigan"), a Michigan company that Remaley alleges was HHPizza's franchisor and a joint employer with respect to HHPizza's

-1-

purported pay practices. The complaint alleges that a pizza delivery driver's personal vehicle expenses incurred while delivering pizzas, if not reimbursed, are a "kick back" of pay to the employer, and that the FLSA is violated when unreimbursed expenses cause actual wages to fall below the federal minimum wage. ECF No. 1, Compl., ¶¶ 25-26. Remaley further alleges that HHPizza's mileage reimbursement policy (allegedly generated by Hungry Howie of Michigan) of $1.50 per delivery underestimated Remaley's actual automobile expenses, causing Remaley's wages to effectively fall below the minimum wage. *Id.* ¶¶ 56-68.

Defendant HHPizza, as set forth in its motion to dismiss for lack of personal jurisdiction and improper venue, disputes that it was Remaley's employer. It instead states that Remaley's actual employer was Dizo, Inc., and that entity has no contractual relationship with Hungry Howie of Michigan. *See* ECF No. 12-4, PageID.96-98. Moreover, it disputes that its vehicle reimbursement policy caused Remaley's wages to fall below the minimum wage, attaching pay records to its motion to dismiss showing that Remaley earned, on average, $11.80 per hour worked. *Id.* at PageID.109 & ECF No. 12-4.

Given the pre-discovery stage of this litigation, specific evidence relevant to establishing Remaley's alleged under-reimbursement (*e.g.*, how many miles he drove in an average work hour) has not been developed. But Remaley indicates that he believes that he will be able to show several thousands of dollars in under-

reimbursement resulting from vehicle expenses. HHPizza disputes this, and would seek to show—given, among other things, the store's delivery radius, and the fact that Remaley's average wage was $4.55/hour *more* than minimum wage even before counting his $1.50 per-delivery reimbursement—that Remaley never had an actual effective wage that fell below the federal minimum. Beyond the anticipated factual disputes, parties also dispute the legal methodology for calculating damages here.

Ultimately, given the factual and legal uncertainty, as well as the fact that litigation costs will likely far exceed actual potential damages in any case, the parties agreed to settle for $8,900 on the FLSA claims, with $2,400 as damages to Remaley and the rest as attorney's fees. The settling parties now seek Court approval, which would end the claims against HHPizza and dismiss it as a party.

## Analysis

In the Sixth Circuit, district courts routinely hold that FLSA resolutions require court approval. *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. 2021). To determine whether a settlement is fair and reasonable, courts consider the following factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

*Id.* (citing cases). These factors all lean in favor of Court approval here.

*First*, there is no risk of fraud or collusion. The settlement above was reached after an arms-length negotiation and relate only to the named plaintiff (no collective action has been certified thus far, and there are no other collective-action members).

*Second*, as discussed, there are factual and legal disputes—including an ongoing jurisdictional dispute—that would undoubtedly result in litigation expenses far exceeding the best-case scenario for Plaintiff's individual claim, including significant discovery and motions expense, largely to be incurred by Defendants—which would need to test the factual assumptions Plaintiff relies upon.

*Third*, although there has been no discovery *per se*, it is unlikely that discovery would result in much change to the bottom-line positions of the parties on damages. HHPizza has provided Plaintiff with the records of his actual pay and hours worked. Remaley has estimated that he can show $4,500 in damages, and there is no reason to believe that those estimates would change significantly. HHPizza believes, based on those pay records, that Remaley will not be able to show any damages—or, at best, that he has overestimated those damages significantly. Discovery would likely develop the parties' factual arguments as to the amount of damages, but still within the same range (between $0 and $4,500) that the parties already estimate.

*Fourth*, for the reasons stated above, Plaintiff's likelihood of success on the merits is uncertain, and factual uncertainty as to Plaintiff's estimates of the amount of under-reimbursement. If he were unable to prove by a preponderance of the

-4-

evidence what his mileage was, and/or if his tipped wages were the baseline from which to count any alleged underpayment, it is possible that Plaintiff could receive nothing. A $2,400 recovery to Remaley when HHPizza has good-faith arguments that he was underpaid *nothing* is more than reasonable.

*Fifth*, the opinion of class counsel—which, again, at this point consists of a class of one—is that this is a fair and reasonable settlement of Remaley's claim.

*Sixth*, there are no absent class members so there is no basis to consider their reactions. *See Athan*, 523 F. Supp. 3d at 968.

*Seventh*, the public interest is served by an FLSA settlement when, as here, the parties "recognize" that there are factual and legal disputes regarding whether the minimum wage rules were properly applied, and Plaintiff was "able to pursue [his] claims with competent and experienced counsel." *Id.* Moreover, the settlement agreement as to the FLSA claims is not being made confidential, further favoring the public interest. *Id.*

Finally, the Court must also consider the reasonableness of attorney's fees. The Sixth Circuit has articulated that because the "purpose of the FLSA attorney fees provision is to insure effective access to judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and because such claims are frequently for small amounts of money, "courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees

here encourages the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (emphasis added).

In determining an award of attorney fees in an FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff's counsel has asserted, via declaration, that they have spent a significant amount of time investigating potential claims, drafting pleadings and a motions response, analyzing pay records, meeting and conferring with Defendant's counsel regarding various issues, and negotiated this settlement agreement. *See* Ex. B, Simon Decl. ¶ 4. To date, Plaintiff's Counsel has expended no less than 26.6 hours prosecuting this matter resulting in lodestar attorney fees of $13,700. *See id.* at ¶ 15. Moreover, Plaintiff's Counsel have advanced $697.00 in litigation costs in this matter consisting of filing fees and service costs. *See id.* at ¶ 16. As such, Plaintiff's Counsel's lodestar attorney fees and costs to date total $14,397.00. *Id.* at ¶ 17. In light of these amounts, the fee award of $6,500 is reasonable in that it represents a substantial discount of the presumably reasonable lodestar amounts, and takes into account the possibility that further litigation of this matter could result in no recovery, and thus no fees.

## Conclusion

The settling parties request that the Court approve the proposed settlement.

Respectfully Submitted,

| | |
|---|---|
| SIMON LAW CO. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
| By: /s/*James L. Simon* (with permission)<br>    James L. Simon<br>5000 Rockside Rd.<br>Liberty Plaza – Suite 520<br>Independence OH<br>(216) 525-8890<br>james@simonsayspay.com | By:  /s/*Thomas J. Davis*<br>    Eric J. Pelton (P40635)<br>    Thomas J. Davis (P78626)<br>280 N. Old Woodward Ave.<br>Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>tdavis@khvpf.com |
| THE LAW OFFICE<br>OF MICHAEL L. FRADIN | *Attorneys for Defendant<br>HHPizza Management, Inc.* |
| By: /s/*Michael L. Fradin* (with permission)<br>    Michael L. Fradin<br>8401 Crawford Ave., Ste. 104<br>Skokie, IL  60076<br>(847) 644-3425<br>mike@fraidinlaw | |

*Counsel for Plaintiff*
 Dated: November 17, 2022
464290

## Certificate of Service

I hereby certify that on November 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com
